WALTER R. PARKER, SR., v. JAMES R. UNDERWOOD AND THOMAS HUGH UNDERWOOD.

(Filed 15 January, 1954.)

**1. Judges § 2b—**

A Special Judge has jurisdiction in the county of his residence to hear and determine in chambers a demurrer to the complaint in an action pending in the county.

**2. Automobiles § 24½ a—**

The provisions of G.S. 20-71.1 do not relieve a party of the necessity of alleging facts supporting the application of the doctrine of *respondeat superior* when relied upon, and allegations that the driver of defendant's vehicle was defendant's son, who was operating the vehicle with the express consent, knowledge and authority of defendant is insufficient to resist such defendant's demurrer.

APPEAL by plaintiff from *Hall, S. J.*, at Chambers, 23 November, 1953, of DURHAM.

Civil action to recover damages to plaintiff's automobile sustained in a collision between it and the truck of defendant Thomas Hugh Underwood, operated by the defendant James R. Underwood.

Plaintiff alleges in his complaint that the collision occurred at the intersection of Hyde Park Avenue, which runs in north-south direction, and Liberty Street, which runs in east-west direction, in the city of Durham, North Carolina; that at the time of the collision plaintiff's automobile was being operated by his son, in an easterly direction along Liberty Street, toward the said intersection, and the truck of defendant Thomas Hugh Underwood was being operated in a southerly direction along Hyde Park Avenue toward the said intersection, by defendant James R. Underwood, eighteen-year-old son of defendant Thomas Hugh Underwood, "with the express consent, knowledge and authority of the defendant Thomas Hugh Underwood"; and that the collision and resultant damage to plaintiff's automobile was caused by various acts of negligence of defendant James R. Underwood "and as the sole and proximate results thereof."

Defendant Thomas Hugh Underwood in apt time on 5 August, 1953, demurred to the complaint, for that the complaint does not allege a cause of action against him, in that "there is no allegation that connects the driver of the motor vehicle in question at the time of the collision in question with said Thomas Hugh Underwood as servant, agent or employee acting within the scope of his employment."

Thereafter on 23 November, 1953, attorneys for defendant Thomas Hugh Underwood gave notice to attorney for plaintiff that on that day at five o'clock p.m., they would appear before the Honorable C. W. Hall, one of the special judges of the Superior Court of the State of North Carolina who resides in Durham County and in the Tenth Judicial District of North Carolina, in the Chambers of Judge Hall in the city of Durham, North Carolina, and request him to hear and pass upon defendant's demurrer that had been filed in this cause.

The attorney for plaintiff accepted service of the notice so given to him, and waived the requirement of ten days' notice provided for in the statute. And thereupon plaintiff and demurring defendant agreed, "subject to the

right of the plaintiff to object to the jurisdiction of the court," that the demurrer so filed be heard by Judge C. W. Hall, a special judge as aforesaid, as a proceeding not requiring the intervention of a jury pursuant to the provision of G.S. 7-65,—plaintiff reserving the right to object to the jurisdiction, and to except to any order which the judge might enter in respect to his jurisdiction, and to appeal from such order to the Supreme Court.

The matter coming on for hearing before Judge Hall, in Chambers, in Durham, North Carolina, plea of plaintiff to the jurisdiction of the judge was overruled, and the demurrer was sustained on the grounds upon which it was predicated. And in accordance therewith the judge entered an order sustaining the demurrer.

Plaintiff excepted thereto, and appeals to Supreme Court, and assigns error.

*Arthur Vann for plaintiff, appellant.*
*Edwards, Sanders & Everett for defendant, appellee.*

WINBORNE, J. Two questions are presented on this appeal:

1. Did the Honorable C. W. Hall, a special judge of the Superior Court of North Carolina, residing in the Tenth Judicial District, have jurisdiction in Chambers to hear and rule upon the demurrer of defendant filed in this action then pending in the District of his residence?

A similar question was considered and decided affirmatively in opinion this day delivered in the case of *Spaugh v. City of Charlotte,* 238 N.C. 149, from the Fourteenth Judicial District. And on authority of the decision there made, the question above stated and here presented merits, and is given an affirmative answer.

2. Is the demurrer well taken, and, hence, the action of the court in sustaining it correct? We so hold.

Plaintiff, appellant, contends that under the provisions of G.S. 20-71.1, sub-paragraph "A," the allegations of the complaint are sufficient to make out a *prima facie* case against the defendant Thomas Hugh Underwood. On the other hand, the appellee contends, and properly so, that the provisions of this statute are a rule of evidence, *S. v. Scoggin,* 236 N.C. 19, 72 S.E. 2d 54, and do not relieve the plaintiff of alleging the ultimate facts on which to base a cause of actionable negligence.

Hence, for the reasons stated in the demurrer, the complaint fails to state a cause of action against the demurrant.

Therefore, the judgment below is
Affirmed.