JESSE A. OSBORNE, ADMINISTRATOR OF THE ESTATE OF DOROTHY JEAN OSBORNE, v. CHARLES GILREATH.

(Filed 23 March, 1955.)

**1. Automobiles § 24½ e—Evidence held insufficient to show defendant was driving or that he interfered with the operation of the car.**

Plaintiff's intestate, a 15-year-old girl, was a guest in defendant's car. Plaintiff alleged that the car was being operated by defendant or by someone under defendant's direction and control. Plaintiff's only evidence on the point was testimony of a statement made by defendant after the accident to the effect that the accident was defendant's fault, and that the intestate was driving the car at the time of the fatal collision. *Held:* Plaintiff's evidence tends to show that his intestate was driving at the time, and the statement of defendant that it was his fault was merely an expression of his distress of conscience in permitting an inexperienced person to drive, and therefore, nonsuit was properly entered, there being no evidence that defendant was driving at the time or that defendant in any manner interfered with the operation of the car.

**2. Same—Sole purpose of G.S. 20-71.1 is to prove agency when it is alleged that negligence of nonowner operator caused the accident.**

Where the theory of the complaint is that defendant was driving the car or that it was being driven by another under defendant's direction and control, and there is no allegation of agency or of negligence of an alleged agent, plaintiff cannot call to his aid the provisions of G.S. 20-71.1 to prove that defendant himself was operating the car or had entrusted its operation to one he knew or should have known was likely to cause an accident by reason of incompetency, carelessness or recklessness, since the sole purpose of the statute is to prove agency in those cases in which it is charged that the negligence of a nonowner operator caused the accident.

**3. Pleadings § 24—**

Allegation and proof are both essential, and plaintiff, if he is to succeed at all, must do so on the case alleged in his complaint.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rousseau, J.,* Regular January Term 1955 of WILKES.

Civil action to recover damages for wrongful death.

In his complaint the plaintiff alleges in Paragraph 4 that at the time his intestate was killed, she "was riding as a guest passenger in a motor vehicle belonging to the defendant and being operated by him"; and further on in the same paragraph he alleged his intestate, "was riding in the motor vehicle of the defendant which motor vehicle was being operated by the defendant at the time, or by someone under the direction and control of the defendant," and further on in the same paragraph the plaintiff alleges that at the time his intestate was killed, "that the defendant was either operating said motor vehicle or controlling the operation of the

same and that if the defendant was not operating said motor vehicle that he interfered with the operation of said motor vehicle, causing said motor vehicle to leave the road and causing the same to overturn, resulting in the death of the plaintiff's intestate."

The parties stipulated that plaintiff's intestate met her death by reason of injuries sustained when a car overturned, which was registered in the name of the defendant, and owned by him.

A summary of plaintiff's evidence tends to show these facts: Plaintiff's intestate was a 15-year old girl. Her mother had never seen her drive a car. Her father said he had "seen her under the wheel with help just a little; I held her out of hitting a light post and wire fence and a bank; that is how much I have seen her drive." About 10 :15 p.m. on the night of 10 December 1953, she left her home with Clint Johnson. About 1 :00 a.m. the following morning she was killed, when the automobile in which she was riding overturned on Highway 268 leading to North Wilkesboro. These people were in the automobile when it overturned: plaintiff's intestate, Charles Gilreath, the defendant, Clint Johnson and Margaret Hayes. There were marks along the left shoulder of the highway for a distance of about 250 feet and skid marks across the highway leading up to the car a distance of about 33 feet. There were cut and torn places in the highway leading up to the rear of the automobile; some of the dugout places were as much as 2 inches, and others just scarred the surface of the road. All parts of the automobile were torn up: one wheel was off. The body of plaintiff's intestate was found with her head against the right rear wheel of the car.

The only evidence as to the operation of the automobile at the time it overturned is in the testimony of Dean Arledge, a State Highway Patrolman and witness for plaintiff. Arledge testified that the defendant in his home, "told me four or five times that it was all his fault, and in the same conversation he stated to me that the deceased girl was driving the automobile at the time of the fatal collision. He told me that one time."

The defendant offered no evidence.

At the close of plaintiff's evidence the defendant's motion for judgment of nonsuit was granted.

From judgment signed in accord therewith, plaintiff appeals, assigning error.

*W. H. McElwee, Jr. and Ralph Davis for Plaintiff, Appellant.*

*Larry S. Moore, Trivette, Holshouser & Mitchell and Robert M. Gambill for Defendant, Appellee.*

PARKER, J. In his complaint plaintiff first alleges that the defendant was operating the automobile at the time it overturned. Further on he

alleges that at the time it was being operated by the defendant, or by someone under his direction and control. And further on he alleges that the defendant was either operating the automobile or controlling its operation.

All of plaintiff's evidence as to the operator of the automobile at the time it overturned is the statement of the defendant to the State Highway Patrolman Arledge, "that it was all his fault . . . the deceased girl was driving the automobile at the time of the fatal collision."

It seems to us, considering the evidence in the light most favorable to the plaintiff, that the evidence shows that plaintiff's intestate was driving the automobile when it overturned, and that defendant's repeated statements it was all his fault was an expression of his distress of conscience in permitting an inexperienced 15-year old girl to drive his automobile and to turn it over causing her tragic and untimely death. The statement of defendant here is a far cry from the statement in *Wells v. Burton Lines, Inc.; Stanley v. Burton Lines, Inc.,* 228 N.C. 422, 45 S.E. 2d 569, in which the appellant said, without qualification, that the collision was his fault. See also the remorseful statement of the defendant in an automobile collision in *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383. While the plaintiff has allegation that the defendant was driving the automobile at the time, he lacks proof. While there is allegation that the defendant interfered with the operation of the automobile, there is no proof of such allegation.

Plaintiff further alleges that the automobile at the time was being operated by the defendant, or by someone under his direction and control, and contends in his brief, that if either plaintiff's intestate or Clint Johnson or Margaret Hayes was operating the automobile, he is entitled to go to the jury by virtue of G.S. 20-71.1, entitled, "Registration evidence of ownership; ownership evidence of defendant's responsibility for conduct of operation."

G.S. 20-71.1 establishes a rule of evidence, but does not relieve a plaintiff from alleging and proving negligence and agency. *Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767; *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765. In *Parker v. Underwood,* plaintiff alleged that the driver of defendant's vehicle was his son and at the time was operating his father's automobile "with the express consent, knowledge and authority" of his father. The provisions of G.S. 20-71.1 could not save the complaint when a demurrer was filed. In *Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644, plaintiff alleged that the automobile owned by defendant Wensil was operated by defendant Garmon, who, upon the occasion, was an employee of defendant Wensil, and then and there acting within the scope of his employment.

Plaintiff in his complaint alleged that his intestate met her death as a proximate result of defendant's negligence. And in his amended complaint he alleges that his intestate's death was caused by defendant's negligence, and set forth five specifications of defendant's negligence. He has alleged no negligence against any other person.

By reason of plaintiff's total failure to allege agency and negligence of his intestate or Clint Johnson or Margaret Hayes, he cannot invoke the aid of G.S. 20-71.1.

Plaintiff cannot call to his aid the principle that a person, who by his independent and wrongful breach of duty entrusts his automobile to one he knows or should know is likely to cause injury by reason of incompetency, carelessness or recklessness, and injury to a third person results proximately from such incompetency, carelessness or recklessness, is liable in damages, because he has no allegations in his complaint and amended complaint to invoke the application of this principle of law. *Roberts v. Hill,* 240 N.C. 373, 82 S.E. 2d 373; *Heath v. Kirkman,* 240 N.C. 303, 82 S.E. 2d 104; *McIlroy v. Motor Lines,* 229 N.C. 509, 50 S.E. 2d 530; *Bogen v. Bogen,* 220 N.C. 648, 18 S.E. 2d 162; *Taylor v. Caudle,* 210 N.C. 60, 185 S.E. 446; *Cook v. Stedman,* 210 N.C. 345, 186 S.E. 317.

The plaintiff states in his brief, "We think, therefore, that certainly G.S. 20-71.1 is applicable to this case and that proof of ownership alone is sufficient to send the case to the jury on the theory that the defendant himself was operating the motor vehicle."

To adopt plaintiff's view would require us to overrule what was said by *Barnhill, J.,* in speaking for a unanimous Court in *Hartley v. Smith, supra,* and by *Barnhill, C. J.,* for a unanimous Court in *Roberts v. Hill, supra.* In *Hartley v. Smith,* speaking of G.S. 20-71.1, it is said: "This statute was designed to create a rule of evidence. Its purpose is to establish a ready means of proving agency in any case where it is charged that the negligence of a nonowner operator causes damage to the property or injury to the person of another. *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309. It does not have, and was not intended to have, any other or further force or effect." In *Roberts v. Hill, supra,* Barnhill, C. J., said, after quoting the above excerpt from *Hartley v. Smith,* except the first sentence: "This language appearing in the *Hartley case* was used advisedly. We adhere to what is there said." The plaintiff contends that this construction of G.S. 20-71.1 makes a man responsible for the acts of his agents and not responsible for his acts, and is a novel legal phenomenon. The language of this Court in the *Hartley* and *Roberts cases* bears no such construction, and in no way relieves a man from responsibility for his own wrongful act proximately causing injury. We adhere to what was said in the excerpts from those two cases quoted above.

While there is a modern tendency to question, or to modify, or to overrule many ancient landmarks of the law by court decisions and legislative fiats, these principles of law seem, as yet, to be unchallenged, that if a plaintiff is to succeed at all, he must do so on the case alleged in his complaint, *Sale v. Highway Commission,* 238 N.C. 599, 78 S.E. 2d 724, and that allegation and proof are both essential, *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911.

The Trial Court ruled correctly, and the judgment of nonsuit entered below is

Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.