LOREE MAY RANSDELL v. JAMES DOYLE YOUNG.

(Filed 2 November, 1955.)

**1. Automobiles § 54f—**

Where there is no allegation that at the time of the accident the driver was operating the automobile for the benefit of the owner, or that the alleged agent was about the owner's business at the time of and in respect to the very transaction out of which the injuries arose, and the evidence tends to show that plaintiff passenger took the car on a trip of her own and merely permitted the driver to operate the automobile a short distance while on that trip, *held* the evidence is not sufficient to sustain the master-servant relationship between the owner and the driver so as to render defendant liable under the doctrine of *respondeat superior*. G.S. 20-71.1.

**2. Automobiles § 53—**

Evidence in this case *held* insufficient to support the allegation that defendant owner lent his car to an inexperienced driver so as to warrant the submission of the issue to the jury.

APPEAL by plaintiff from *Williams, J.,* May Term, 1955, of FRANKLIN.

This is a civil action in which the plaintiff, a guest passenger in an automobile owned by the defendant and operated by one Mary Helen Harrison, seeks to recover of the defendant compensatory damages for personal injuries sustained on 17 July, 1954, which she alleges resulted from the negligence of the defendant's agent and servant, Mary Helen Harrison, in the operation of said automobile.

The evidence tends to show that on 17 July, 1954, the plaintiff, accompanied by her two-year-old child and two nieces, namely, Mary Helen Harrison, then 16 years of age, and Nancy Jean Medlin, 15 years of age, left her home in her husband's truck for the purpose of buying some chickens. Thereafter, at M. C. Wilder's store, Mary Helen Harrison borrowed from the defendant his 1951 Pontiac automobile. Mary Helen Harrison, who had had a driver's license for about two months, did not want to drive the defendant's automobile on the main highway and requested the plaintiff to drive the car. The plaintiff, after having driven the car on a mission for herself, returned to Wilder's store and found that her truck was not there and decided to go to Bunn to get some groceries. While on the way to Bunn, her niece Mary Helen Harrison requested the plaintiff to let her drive. Mary Helen Harrison took the wheel and while driving along a dirt road (and there is no evidence of excessive speed), she came to a sharp curve, hit a hole in the road and lost control of the car. The car went off the road and turned over, causing injury to the plaintiff.

At the close of the plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*E. F. Yarborough for appellant.*
*Thomas A. Banks and Charles P. Green for appellee.*

PER CURIAM. The evidence in this case is not sufficient to sustain the master-servant relationship between the defendant and the alleged agent, Mary Helen Harrison, so as to render the defendant liable under the doctrine of *respondeat superior*. Moreover, the plaintiff does not allege in her complaint that the defendant's automobile at the time of the accident, was being operated for the benefit of the owner, or that the alleged agent was about her employer's business at the time of and in respect to the very transaction out of which the injury arose. G.S. 20-71.1; *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765. Furthermore, the evidence is not sufficient to warrant its submission to the jury on the allegation to the effect that the defendant loaned his car to Mary Helen Harrison knowing her to be an inexperienced driver. We are inclined to the view, in light of the evidence on this record, that this was one of those unfortunate accidents which was not proximately caused by the negligence of the driver of the defendant's automobile.

We think the ruling on the motion for judgment as of nonsuit was proper and must be sustained.

Affirmed.