R. C. LYNN, ADMINISTRATOR OF THE ESTATE OF DAVID LEE LYNN, DE-
CEASED, v. MILDRED M. CLARK, AND WILLIAM L. CLARK, ADMINIS-
TRATOR OF CHARLES CLARK, DECEASED.

(Filed 6 April, 1960.)

**1. Automobiles § 55—**

Allegations that the car involved in the accident was a family pur-
pose car owned by the driver's mother and driven by him with her con-
sent, knowledge, and permission, are alone insufficient predicate for
recovery under the family purpose doctrine.

**2. Automobiles § 54d—**

Allegations to the effect that the car involved in the accident was
owned by the mother of the driver is insufficient to charge the mother
with liability under G.S. 20-71.1, since the effect of the statute is solely
to provide a ready means of proving agency and does not dispense with
the necessity of allegations that the driver was the agent of the owner.

**3. Pleadings § 25—**

An amendment to make the allegations conform to the proof will not
be allowed when the proof is insufficient predicate for liability upon
the theory sought to be alleged.

**4. Automobiles § 55—**

Evidence that the car involved in the accident was owned by the
mother of the driver, that she had permitted him to drive the car on
occasions when accompanied by her, and had permitted him to drive
on a private road, and that she had permitted him and a friend to use
the car with the understanding that the friend alone was to drive, but
that she had never permitted him to drive on the public highways, is
insufficient evidence to invoke the family purpose doctrine.

**5. Trial § 21½—**

Where, in an action against two defendants, nonsuit is entered as to
one and the trial proceeds against the other and results in a mistrial,
plaintiff may not present his contention that the nonsuit entered in
favor of the first defendant was erroneous by moving to set aside the
ruling theretofore made.

APPEAL by plaintiff from *Farthing, J.,* October Term, 1959, of BURKE.
This is an action instituted by the plaintiff for the alleged wrong-
ful death of his intestate, David Lee Lynn.

It is alleged in the complaint that on or about 14 June 1958, at
approximately 11:15 p.m., plaintiff's intestate was riding as a guest
passenger in a 1956 Chevrolet automobile owned by Mildred M. Clark,
mother of Charles Clark, deceased, which automobile was being neg-
ligently, carelessly, and wrongfully operated at said time and place
by Charles Clark, deceased, in a northern direction on the Old Shelby
Road in southeastern Burke County, North Carolina.

The plaintiff further alleges in paragraph 5 of his complaint that Charles Clark was a minor, fifteen years of age, at the time of the wreck herein complained of, and that he was operating a 1956 Chevrolet automobile, which was owned by his mother, Mildred M. Clark, by and with her consent, knowledge, and permission; that at the time of the accident he was driving the automobile at a high and dangerous rate of speed; that he lost control of said automobile which ran off the road, turned over several times, injuring and killing both the driver, Charles Clark, and the plaintiff's intestate, David Lee Lynn.

The defendants filed a joint answer, denied the pertinent allegations in the complaint, and by way of further answer and defense they alleged, "That on the 14th day of June, 1958, Charles Clark was a minor fifteen years of age; that he did not have a driver's license and did not have the consent or permission of the defendant Mildred M. Clark to drive or operate her said automobile. On the contrary, the said Charles Clark had been admonished and strictly forbidden to operate said car * * *."

The plaintiff offered evidence tending to show that Charles Clark, deceased, was driving the car at the time of the aforesaid wreck.

The plaintiff testified, "I had seen the Clark boy prior to this night crank up his mother's car and maybe turn it around and drive it from his house to his grandfather's, which is on the same road. I had seen him drive the car several times but don't remember how frequently. On the night of this accident they were in a 1956 Chevrolet which belonged to Mildred (M. Clark)."

Shirley Lefler testified for the plaintiff, "I knew the Clark boy and the Lynn boy who were killed in the wreck. I was with them on the evening and night of June 14. I got with them about * * * 8:15. I had a date with David Lynn. They came to my house and picked me up. They were in a 1956 Chevrolet. When we left my home that night David was driving. * * * They took me home about 11:00 that night. When we arrived at my home David Lynn was driving. * * * Before the boys left my home Charles Clark was under the steering wheel, but I don't know whether he left driving or not."

On cross-examination this witness testified, "I was out with them about two hours and 45 minutes that night. All during that time David Lynn drove the car. The Clark boy at no time drove the car when I was with them."

The plaintiff called the defendant Mrs. Mildred M. Clark as a witness and she testified, "I am the mother of Charles Clark. I was the owner of this 1956 Chevrolet automobile which was involved in this wreck. * * * Charles and David had taken the car from my home that

night. On this particular night I didn't give them permission to take the car. I had company and my husband gave them permission to take it. I had given them permission before to drive the car. Charles had driven the car before. * * *"

On cross-examination Mrs. Clark testified, "He (Charles Clark) was under 16. He had no driver's license. I had never given him permission to drive this car at any time except from church on one or two occasions, when I was in the car. No, I had never given him permission to drive this car out on the road, alone or with someone else. Mr. Lynn stated that he saw him drive the car one time. That was on a private road. This car was not maintained * * * for the purpose of my minor son, Charles, driving it. I had told him he could not drive it, and admonished him not to drive it. I had let David and Charles have the car before, just the two boys with the understanding that David was to drive it, but not for Charles to drive it. I never at any time authorized Charles to drive David Lynn. Charles had driven the car by himself at times with my knowledge from our house to his grandfather's. That was on a private road."

At the close of plaintiff's evidence the defendant Mildred M. Clark moved for judgment as of nonsuit. The motion was allowed and the action dismissed as to Mildred M. Clark. The case was submitted to the jury against the defendant administrator of Charles Clark, deceased. The jury could not agree on a verdict; a juror was withdrawn and a mistrial ordered.

Thereafter, the plaintiff moved the court to set aside the judgment as of nonsuit previously entered as to the defendant Mildred M. Clark. From the denial of this motion and from the judgment as of nonsuit entered as to the defendant Mildred M. Clark, the plaintiff appeals, assigning error.

*W. Harold Mitchell and John H. McMurray for plaintiff.*
*Patton & Ervin for defendant Mildred M. Clark.*

DENNY, J. The plaintiff's first assignment of error is to the allowance of the motion of the defendant Mildred M. Clark for judgment as of nonsuit at the close of plaintiff's evidence.

In considering this assignment of error, we think it must be determined whether or not the allegations of the complaint, together with the evidence offered in support thereof, are sufficient to take the case to the jury without invoking the provisions of G.S. 20-71.1.

The complaint does not allege that Charles Clark was the agent, servant, or employee of the owner of the car involved in the fatal

accident, unless it does so in paragraph 7 of the complaint where it is alleged, "that said car was a 'family purpose' car."

In our opinion, the mere allegation that a car owned by a defendant is a family purpose car is an insufficient allegation upon which to recover under the family purpose doctrine.

Ordinarily, a cause of action based solely on the family purpose doctrine is stated by allegations to the effect that at the time of the accident the operator was a member of his family or household and was living at home with the defendant; that the automobile involved in the accident was a family car and was owned, provided, and maintained for the general use, pleasure, and convenience of the family, and was being so used by a member of the family at the time of the accident with the consent, knowledge, and approval of the owner of the car. 5A Am. Jur., Automobiles and Highway Traffic, section 893, at page 797. Allegations which, if proven, are sufficient to invoke the family purpose doctrine, are sufficient to establish agency. The very genesis of the family purpose doctrine is agency. *Vaughn v. Booker,* 217 N.C. 479, 8 S.E. 2d 603. We hold that the allegations of the plaintiff's complaint are insufficient to invoke such doctrine.

The only other allegation upon which the plaintiff relies for the establishment of agency is as follows: "That plaintiff is informed, believes and alleges that Charles Clark was a minor of the age of fifteen (15) at the time of the wreck herein complained of and that he was operating a 1956 Chevrolet, which was owned by his mother, Mildred M. Clark, by and with her consent, knowledge, and permission * * *."

We have held in numerous cases that under the provisions of G.S. 20-71.1, proof or admission of ownership by the defendant of the motor vehicle involved in an accident is sufficient to make out a *prima facie* case of agency which will support, but not compel, a verdict against the owner under the doctrine of *respondeat superior* for damages proximately caused by the negligence of the nonowner operator of the motor vehicle. *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309; *Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767; *Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644; *Elliott v. Killian,* 242 N.C. 471, 87 S.E. 2d 903; *Kellogg v. Thomas,* 244 N.C. 722, 94 S.E. 2d 903; *Scott v. Lee,* 245 N.C. 68, 95 S.E. 2d 89.

The statute G.S. 20-71.1, however, presupposes a cause of action based on allegations of agency and of actionable negligence. "The statute (G.S. 20-71.1) was designed to create a rule of evidence. Its purpose is to establish ready means of proving agency in any case where it is charged that negligence of a nonowner operator causes damage

to the property or injury to the person of another * * *. It does not have, and was not intended to have, any other or further force or effect." *Hartley v. Smith, supra.*

Therefore, if the complaint in such cases fails to allege agency or actionable negligence, it is demurrable and is insufficient to support a verdict for damages against the owner of the vehicle. *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765; *Osborne v. Gilreath,* 241 N.C. 685, 86 S.E. 2d 462.

In *Parker v. Underwood, supra,* the plaintiff alleged, " * * * that the collision occurred at the intersection of Hyde Park Avenue * * * and Liberty Street * * * in the city of Durham, North Carolina; that at the time of the collision plaintiff's automobile was being operated by his son, in an easterly direction along Liberty Street, toward the said intersection, and the truck of defendant Thomas Hugh Underwood was being operated in a southerly direction along Hyde Park Avenue toward the said intersection, by defendant James R. Underwood, eighteen-year-old son of defendant Thomas Hugh Underwood, 'with the express consent, knowledge and authority of the defendant Thomas Hugh Underwood'; and that the collision and resultant damage to plaintiff's automobile was caused by various acts of negligence of defendant James R. Underwood 'and as the sole and proximate results thereof.' "

The defendant Thomas Hugh Underwood demurred to the complaint, for that the complaint did not allege a cause of action against him, in that "there is no allegation that connects the driver of the motor vehicle in question at the time of the collision in question with said Thomas Hugh Underwood as servant, agent or employee acting within the scope of his employment." The demurrer was sustained in the lower court and affirmed upon appeal to this Court.

The plaintiff is relying on *Hartley v. Smith, supra,* to take his case to the jury, although he states in his brief that his allegations are sufficient against the defendant owner, Mildred M. Clark, to take the case to the jury without the benefit of G.S. 20-71.1.

An examination of the allegations of the complaint in the case of *Hartley v. Smith, supra,* and the admissions in the answer of the defendant owner of the motor vehicle involved therein, are so different from the allegations in the complaint and answer in the present case that the *Hartley* case is not controlling in this case.

The plaintiff herein filed a motion in this Court to amend his pleadings by adding in paragraph 5 of the complaint, after the clause, " * * * by and with her consent, knowledge, and permission," the words, "and as her agent and in furtherance of a family purpose." It

is stated in the motion that the case was tried below on the family purpose theory. In view of the conclusion we have reached with respect to the allegations of the complaint, we are of the opinion that this motion should be denied.

If it be conceded (which it is not) that the allegations of the complaint are sufficient to support a verdict, if supported by competent evidence, without the aid of G.S. 20-71.1, as contended by the plaintiff, in our opinion the plaintiff's evidence offered for the purpose of invoking the family purpose doctrine was insufficient to carry the case to the jury on that theory.

After the allowance of the motion of the defendant Mildred M. Clark for judgment as of nonsuit at the close of plaintiff's evidence, and after plaintiff's cause of action against the defendant William L. Clark, administrator of Charles Clark, deceased, was submitted to the jury and a mistrial ordered, the plaintiff moved to set aside the ruling theretofore made sustaining the motion of Mildred M. Clark for judgment as of nonsuit. The court denied the motion and the defendant assigns the denial thereof as error.

It is common practice in the trial of cases involving a nonowner operator of a motor vehicle that when there is an involuntary nonsuit as to the owner, for the plaintiff to take a voluntary nonsuit as to the defendant operator. However, when a plaintiff elects to go to trial against the operator of the motor vehicle, after the owner has procured a nonsuit, the trial judge is not required to reverse his ruling on the motion to nonsuit because there has been a mistrial as to the remaining defendant.

In our opinion, the rulings of the court below with respect to the judgment as of nonsuit of Mildred M. Clark should be upheld, and it is so ordered.

Affirmed.