CHARLIE R. COHEE v. WILLIE HAMPTON SLIGH.

(Filed 10 April 1963.)

**1. Automobiles § 52—**

Mere ownership of an automobile involved in a collision does not impose liability upon the owner, but the owner's liability must rest upon his personal negligence, or the negligence of his agent or employee, or upon the family purpose doctrine, and a complaint which fails to allege any one of these bases of liability fails to state a cause of action against the owner.

**2. Judgments § 13—**

A default judgment may not be predicated on a complaint which fails to state a cause of action, and such judgment must be vacated upon defendant's motion notwithstanding the allowance of plaintiff's motion to amend, since the amendment may not relate back so as to deprive defendant of his opportunity to answer.

APPEAL by defendant from *Gambill J.,* November 19, 1962 Term of FORSYTH.

Summons issued 7 September 1961. It, with a verified copy of the complaint, was served 11 September 1961. Plaintiff alleged he sustained personal injuries and property damage in a collision between an automobile owned and operated by him and an automobile owned by defendant; the collision was caused by the negligence of Pauline G. Miller, who "was operating the defendant's automobile with the express permission of the defendant and Pauline G. Miller was operating said automobile for the purposes for which such permission was granted."

Judgment by default and inquiry was entered 17 October 1961. The amount of damage was determined in June 1962. Judgment was rendered on the verdict. Defendant moved to set aside the judgments because based on a complaint which failed to state a cause of action. The court declined to allow defendant's motion but allowed a motion of plaintiff to amend the complaint so as to allege that Pauline G. Miller was operating defendant's car as his agent and in the course and scope of her employment.

Defendant appealed from the court's refusal to allow its motion.

*Robert B. Wilson, Jr., and Motsinger & Pfefferkorn by William G. Pfefferkorn for plaintiff appellee.*

*Deal, Hutchins and Minor by Fred S. Hutchins, Jr., for defendant appellant.*

PER CURIAM.   If the owner of an automobile is to be held liable for the manner in which it is operated, he must be charged with responsibility for the operation—mere ownership is not sufficient. Responsibility may be imposed because of the personal negligence of the owner or because the owner acts through an agent or under the "family purpose doctrine." *Lynn v. Clark,* 252 N.C. 289, 113 S.E. 2d 427; *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765.

A complaint which fails to state a cause of action is not sufficient to support a judgment for plaintiff. *Morton v. Insurance Co.,* 255 N.C. 360, 121 S.E. 2d 716; *Collins v. Simms,* 254 N.C. 148, 118 S.E. 2d 402. The court erred in refusing to allow defendant's motion. It had a discretionary right to allow plaintiff's motion to amend; but any amendment so made could not relate back to the institution of the action and thereby deprive defendant of his opportunity to answer. *Pruitt v. Taylor,* 247 N.C. 380, 100 S.E. 2d 841.

The default and inquiry judgments will be vacated and defendant allowed time to answer the amended complaint.

Reversed.