FERRIS J. BELMANY v. OMA WALKER OVERTON.

(Filed 24 May, 1967.)

**1. Pleadings § 12—**

Upon demurrer, the complaint should be liberally construed with a view to substantial justice between the parties and the demurrer must be overruled unless the complaint is fatally defective. G.S. 1-151.

**2. Automobiles § 54d—**

In an action seeking to hold the owner of a motor vehicle liable for the alleged negligence of the driver, a complaint alleging that the driver at

the time and on the occasion of plaintiff's injury was operating defendant's car as the agent of defendant held sufficient to withstand demurrer, notwithstanding the absence of allegation that the driver was then and there acting within the course and scope of the said agency.

**3. Trial § 20—**

When defendant offers evidence, only his motion to nonsuit at the close of all of the evidence need be considered in determining the sufficiency of the evidence to be submitted to the jury. G.S. 1-183.

**4. Automobiles 54f—**

The admission of ownership of the vehicle involved in the collision is sufficient to take the issue of *respondeat superior* to the jury by virtue of G.S. 20-71.1, and the owner's motion for nonsuit on the issue is properly denied.

**5. Same—**

Plaintiff relied solely on G.S. 20-71.1 to take the issue of agency to the jury. Defendant's evidence tended to show that the driver was on a purely personal mission at the time of the accident in suit. *Held:* Defendant, without request therefor, was entitled to a peremptory instruction related directly to the particular facts shown by defendant's positive evidence to answer the issue in the negative, and a general instruction to so answer the issue if the jury believed the facts to be as defendant's evidence tended to show, without relating such instruction directly to defendant's evidence in the particular case, is insufficient.

**6. Appeal and Error § 54—**

Where an error is found which relates solely to one issue, the Supreme Court may grant a partial new trial limited to such issue.

APPEAL by defendant from *Crissman, J.,* September 1966 Session of ROCKINGHAM.

Civil action instituted March 7, 1966, to recover damages for personal injuries sustained by plaintiff on March 8, 1963, at about 3:15 p.m., when struck by a Mercury car operated by Druscilla Overton Quisenberry, then nineteen, the married daughter of defendant.

The accident occurred at the intersection of Gilmer, an east-west street, and Scales, a north-south street, in the business section of Reidsville, N. C. The automatic traffic control signal at said intersection was in operation.

Plaintiff walked west along the north side of Gilmer to reach the northeast corner of said intersection. Approaching said intersection, Mrs. Quisenberry was driving north on Scales.

Plaintiff, then about sixty-six, undertook to walk from the northeast to the northwest corner of said intersection. At a point near the center of Scales Street, he was struck by the northbound car operated by Mrs. Quisenberry.

Plaintiff alleged he stopped on said northeast corner and waited

until the light controlling traffic on Scales Street had changed from green to red; that, when the light changed, he started across Scales Street and was struck while attempting to cross; and that Mrs. Quisenberry entered and crossed said intersection when the signal facing northbound traffic on Scales Street was red.

Defendant, in her answer, denied Mrs. Quisenberry was negligent in any of the respects alleged by plaintiff and conditionally pleaded the contributory negligence of plaintiff. She alleged Mrs. Quisenberry entered and crossed said intersection when the signal facing northbound traffic on Scales Street was green; and that plaintiff, "without regard to his own safety, stepped from the northeast corner of said intersection directly into the path of the defendant's automobile, suddenly and without warning, and collided with said automobile and fell to the pavement."

Defendant denied all of plaintiff's allegations to the effect Mrs. Quisenberry was operating the car as "defendant's agent." She admitted she was the owner of the Mercury car and that Mrs. Quisenberry was operating it with her knowledge and consent.

The court submitted, and the jury answered, the following issues: "1. Was Druscilla Overton Quisenberry the agent of the defendant in the operation of the Mercury automobile at the time of the accident on March 8, 1963, as alleged in the Complaint? ANSWER: Yes. 2. Was the plaintiff injured by the negligence of the defendant as alleged in the Complaint? ANSWER: Yes. 3. Did the plaintiff by his own negligence contribute to his injury as alleged in the Answer? ANSWER: No. 4. What amount, if any, is the plaintiff entitled to recover of the defendant? ANSWER: $4500.00." Judgment that plaintiff recover of defendant the sum of forty-five hundred dollars was entered. Defendant excepted and appealed.

*J. S. Moore, Jr., for plaintiff appellee.*
*W. F. McLeod for defendant appellant.*

BOBBITT, J. In this Court, defendant demurred to the complaint for failure to state facts sufficient to constitute a cause of action *against her,* her asserted ground of objection being that "there is no allegation that connects the driver of the motor vehicle in question at the time of the collision in question with the said Oma Walker Overton as servant, agent, or employee acting within the scope of her employment."

Except as to the identity of the demurrant, the quoted phraseology is identical with that used in a demurrer to the complaint in *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765. In *Parker v. Underwood, supra,* the demurring defendant, the father-owner, was

not present when the accident occurred. His truck was being operated by his eighteen-year-old son. Plaintiff alleged the son was operating the truck "with the express consent, knowledge and authority" of his father. Judgment of the superior court sustaining the demurrer was affirmed by this Court. The ground of decision was that the complaint contained no allegations to the effect the son was operating the truck as agent of his father.

In *Hartley v. Smith,* 239 N.C. 170, 178, 79 S.E. 2d 767, 773, Barnhill, J. (later C.J.), after discussing the significance of G.S. 20-71.1 as a rule of evidence, stated: *"Non constat* the statute, it is still necessary for the party aggrieved to allege both negligence and agency in his pleading and to prove both at the trial. *Parker v. Underwood, post,* 308."

In subsequent decisions, complaints have been held fatally deficient as to the owner of an automobile where the plaintiff has failed to allege the operator of the car was the agent of the owner. *Osborne v. Gilreath,* 241 N.C. 685, 86 S.E. 2d 462; *Lynn v. Clark,* 252 N.C. 289, 113 S.E. 2d 427; *Cohee v. Sligh,* 259 N.C. 248, 130 S.E. 2d 310; *Beasley v. Williams,* 260 N.C. 561, 133 S.E. 2d 227.

In *Ransdell v. Young,* 243 N.C. 75, 89 S.E. 2d 773, nonsuit entered at the conclusion of the plaintiff's evidence was affirmed. The *plaintiff's* evidence disclosed affirmatively that the operator of the car at the time of the accident was not on any mission for the absentee owner (defendant). In this connection, see *Taylor v. Parks,* 254 N.C. 266, 118 S.E. 2d 779. The *per curiam* opinion in *Ransdell v. Young, supra,* contains this statement: "Moreover, the plaintiff does not allege in her complaint that the defendant's automobile at the time of the accident, was being operated for the benefit of the owner, or that the alleged agent was about her employer's business at the time of and in respect to the very transaction out of which the injury arose. G.S. 20-71.1; *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765."

In *Whiteside v. McCarson,* 250 N.C. 673, 678, 110 S.E. 2d 295, 298, the opinion contains this paragraph: "G.S. 20-71.1 did not change the elements prerequisite to liability under the doctrine *respondeat superior.* To establish liability under this doctrine, the injured plaintiff must allege and prove that the operator was the agent of the owner and that this relationship existed at the time and in respect of the very transaction out of which the injury arose. *Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644. As to the necessity for such *pleading: Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767; *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765; *Osborne v. Gilreath,* 241 N.C. 685, 86 S.E. 2d 462."

In *Whiteside v. McCarson, supra,* and in *Jyachosky v. Wensil, supra,* no question as to the sufficiency of the plaintiff's pleading was involved. In each of these cases, the complaint alleged the driver was the agent of the defendant owner, acting for his benefit and within the scope of his agency. Hence, the quoted statement from *Whiteside v. McCarson, supra,* was not in any sense the basis of decision therein.

In the present action, the complaint contains numerous references to the way and manner in which "defendant's agent" operated defendant's car. In addition, it contains the allegation that Mrs. Quisenberry, at the time she approached said intersection, "and at all times herein complained of," was operating said car "as agent for the defendant Oma Walker Overton."

"In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties." G.S. 1-151. The question comes to this: Is the complaint fatally defective on account of plaintiff's failure to supplement his said allegations as to agency by alleging that Mrs. Quisenberry was then and there acting within the course and scope of said agency? While such allegations would be appropriate, we are constrained to hold the allegation to the effect that Mrs. Quisenberry was operating defendant's car at the time and on the occasion of plaintiff's injuries *as the agent* of defendant was sufficient to withstand the demurrer.

It seems clear that all parties, including the presiding judge, understood plaintiff's allegations as in effect allegations that the driver of the car was acting as defendant's agent and within the scope of her agency. Defendant did not object to the submission of the first issue, involving solely the question of agency. Nor does it appear that defendant has at any time challenged the sufficiency of the complaint in any respect until the filing of her demurrer and brief in this Court.

Although plaintiff's meager allegations as to agency are not commended, we are of opinion, and so decide, that they are not so fatally deficient as to warrant the sustaining of the demurrer filed in this Court. Hence, the said demurrer is overruled.

Defendant assigns as error the denial of her motion(s) for judgment of nonsuit. Defendant having offered evidence, the only motion to be considered is that made at the close of all the evidence. G.S. 1-183; *Widenhouse v. Yow,* 258 N.C. 599, 604, 129 S.E. 2d 306, 310.

Defendant makes no contention that plaintiff failed to offer evidence sufficient to establish the alleged actionable negligence of Mrs.

Quisenberry. Nor does defendant contend the undisputed evidence establishes contributory negligence as a matter of law. Even so, we have considered carefully the evidence relevant to the second (negligence) and third (contributory negligence) issues. Suffice to say, the pleadings and evidence required the submission of these issues for jury determination.

The sole ground on which defendant contends her motion(s) for nonsuit should have been granted is that plaintiff failed to allege and to prove that Mrs. Quisenberry was operating defendant's car as defendant's agent and within the scope of her agency. These contentions relate solely to the first issue. Plaintiff's allegations as to agency being sufficient, defendant's admission as to ownership of the Mercury car operated by Mrs. Quisenberry on the occasion plaintiff was injured was sufficient to take the case to the jury for its determination of the ultimate question, namely, whether Mrs. Quisenberry was in fact the agent of defendant and then and there operating defendant's car within the scope of her agency. G.S. 20-71.1; *Whiteside v. McCarson, supra,* and cases cited; *Lynn v. Clark, supra,* and cases cited. The court properly denied defendant's motion(s) for judgment of nonsuit.

Defendant assigns as error the court's failure to give an instruction, related directly to the evidence in this case, that it was the duty of the jury to answer the agency issue, "No," if they found the facts to be as the only positive evidence, namely, the evidence offered by defendant, tended to show.

Plaintiff relied solely on G.S. 20-71.1 to take the case to the jury as to alleged agency. By virtue of this statute, the ultimate issue was for jury determination notwithstanding the only positive evidence tended to show that Mrs. Quisenberry was on a purely personal mission at the time of the collision. "In such case, the owner, without request therefor, is entitled to an instruction, *related directly to the evidence in the particular case,* that it is the jury's duty to answer the agency issue, "No," if they find the facts to be as the positive evidence offered by the owner tends to show. *Whiteside v. McCarson,* 250 N.C. 673, 110 S.E. 2d 295; *Chappell v. Dean,* 258 N.C. 412, 417-418, 128 S.E. 2d 830," *Passmore v. Smith,* 266 N.C. 717, 719, 147 S.E. 2d 238, 240; also, see *Duckworth v. Metcalf,* 268 N.C. 340, 150 S.E. 2d 485; *Torres v. Smith,* 269 N.C. 546, 153 S.E. 2d 129.

Under the decisions cited in the preceding paragraph, defendant, without request therefor, was entitled to an instruction substantially as follows: If the jury find that, on the occasion of the collision, Mrs. Quisenberry was driving the car from her place of employment

in Reidsville to her home in Draper, where she resided with her husband and not with defendant, and that she was making the trip solely for her own personal purposes and not on a mission or errand of any kind for defendant, it would be your duty to answer the first issue, "No." Such an instruction was not given. The trial judge did instruct the jury in general terms that if they believed the facts to be as the evidence for the defendant tended to show it would be their duty to answer the first issue, "No." However, in view of what Justice Devin, referring to G.S. 20-71.1, aptly called the "vigor" of the statute, *Brothers v. Jernigan*, 244 N.C. 441, 94 S.E. 2d 316, we adhere to the rule adopted in *Whiteside v. McCarson, supra,* approved in the subsequent cited cases, to the effect that the required instruction *must be related directly to the evidence in the particular case.* For instructions complying with this rule, see *Jyachosky v. Wensil, supra,* and *Skinner v. Jernigan,* 250 N.C. 657, 110 S.E. 2d 301.

As to all matters embraced by the second, third and fourth issues, defendant has had a trial free from prejudicial error. The jury's verdict as to these issues will stand. However, for the error indicated, the jury's answer to the first issue is set aside and a partial new trial is ordered. Upon such new·trial, the sole issue for determination will be whether Mrs. Quisenberry, on the occasion of the collision, was the agent of defendant and then and there acting within the· scope of her agency. If the answer is, "No," plaintiff cannot recover from defendant; if the answer is, "Yes," plaintiff will be entitled to judgment for the amount established as damages at the prior trial. See *Whiteside v. McCarson, supra; Chappell v. Dean, supra; Passmore v. Smith, supra.*

Partial new trial.