MRS. MURRELL (IDA) BROWN v. WALTER NESBITT AND ROBERT LEE BROWN.

(Filed 11 October, 1967.)

**1. Automobiles § 120—**

In order to hold the owner liable for injury resulting from the driver's negligence, it is required that plaintiff not only prove agency but also that the damage complained of was the result of the negligent operation by the agent.

**2. Trial § 21—**

Contradictions and discrepancies in the evidence are for the jury to re-solve and do not warrant nonsuit.

**3. Automobiles § 68—**

Evidence permitting the inference that some three days prior to the accident in suit the driver had knowledge that the brakes of the truck were defective, that on the day of the accident he drove the truck across an intersection into plaintiff's building, and that immediately after the accident the brake pedal could be depressed to the floorboard, *held* suffi-cient to be submitted to the jury on the issue of the driver's negligence.

**4. Automobiles § 105—**

Proof of the registration of a vehicle makes out a *prima facie* case of agency in the registered owner sufficient to support, but not to compel, a verdict against him on the doctrine of *respondeat superior*.

**5. Automobiles § 106—  Driver must be operating vehicle in course of his employment in order for owner to be liable.**

Where there is evidence that the vehicle was registered in the name of defendant owner but also that the owner had surrendered possession to a prospective purchaser who had, in turn, given possession to the driver whose negligence caused the damage, an instruction on the question of *respondeat superior* to the effect that the driver was operating the ve-hicle as an agent of the owner if he was operating it with the knowledge, consent and approval of the owner is erroneous as being incomplete with-out a further instruction that it was also required that the driver was operating the truck as an agent of the owner and within the scope of such agency at the time of and in respect to the very transaction under con-sideration.

**6. Appeal and Error § 62—**

Even though error relates to a single issue, the Supreme Court, in the exercise of its discretion, may grant a general new trial when it is ap-parent from the entire record that the ends of justice so require.

APPEAL by defendant Nesbitt from *Mintz, J.,* June 1967 Session of ONSLOW.

Plaintiff alleged that, on June 18, 1966, at approximately 9:10 p.m., defendant Brown, operating a Ford truck owned by and reg-istered in the name of defendant Nesbitt, "ran through the inter-section from State Road 1211 across State Road #1001 into the store building" of plaintiff. She alleged her building and "the con-tents therein" were damaged by the negligence of defendant Brown (referred to hereafter as Brown) in that (1) he operated the truck "in a careless and reckless manner" and (2) "failed to have ade-quate brakes in good working order sufficient to control said ve-hicle." She alleged Brown was operating the truck "as the agent of and with the permission, knowledge, and consent of . . . Nes-bitt." She alleged that Nesbitt was negligent in that he permitted

the truck to be operated by Brown when he knew, or by the exercise of reasonable care should have known, that the brakes were defective and in such condition "as to be liable to fail at any time and cause serious damage to the property of others," and that such defective condition of the brakes, together with the negligent operation of the truck by Brown, caused damage to plaintiff's property.

Defendants, in separate answers, denied the essential allegations of the complaint.

Evidence was offered by plaintiff and by Nesbitt.

Evidence offered by plaintiff tends to show: Plaintiff's frame building, fourteen by twenty-four feet, had been vacant since April 1966. Prior thereto, it had been rented at $25.00 per month. When the Highway Patrolman arrived, "some pulpwood truck was sitting under the porch of a building where he ran into it." The Patrolman testified: "(I)t had hit the corner of the building and struck the post and it had collapsed on top of the cab of the truck." There was testimony that the building "was nearly totally demolished," and that it could not be repaired and was torn down. There was also evidence as to the monetary loss on account of the damage to the building and to a drink box and showcase for candy.

Plaintiff offered no evidence as to the course and movement of the truck before it struck plaintiff's said building. The following evidence was admitted against Brown but *excluded* as to Nesbitt, *viz.:* The Patrolman testified that Brown told him, in a conversation at the scene of the mishap, that he was the driver of the truck and that "his brakes failed and he couldn't stop," and that earlier in the day when he picked up the truck "he had had to pump the brakes at least once or twice." The Patrolman charged Brown with operating the truck with improper equipment (brakes) and Brown pleaded guilty to this charge.

The court *admitted*, over objection by defendant Nesbitt, the following testimony of the Patrolman: After the accident he tried the brakes on the truck and discovered that "(t)he brake pedal was mashed all the way to the floor." On cross-examination by counsel for Nesbitt, the Patrolman testified that he had no knowledge of having seen the truck prior to this accident; that he had "no personal knowledge of the condition of the brakes at the time of the accident"; and that all he knew was what he found "some time at the accident."

The evidence offered by Nesbitt tends to show: On June 18, 1966, Nesbitt was the registered owner of the 1964 blue Ford truck involved in the accident. Prior to June 18, 1966, the truck had been in Charlie Redding's garage for repairs. Redding repaired the brakes

and muffler system and Nesbitt paid him for this work. At the direction of Nesbitt, Redding turned the truck over to Eddie Lee Wooten, a prospective purchaser, who "wanted to try it out." Before doing so, Redding took the truck out, "road tested it," and "the brakes were working properly." The truck was taken out of Redding's garage by Wooten "over a week before the accident." Wooten had actual or constructive possession thereof from the time he obtained the truck from Redding until the accident on June 18, 1966. Nesbitt did not drive the truck or have possession thereof at any time after Wooten obtained possession from Redding. Brown was not an employee or agent of Nesbitt. Brown was not driving the truck pursuant to any authority or permission to do so from Nesbitt. Whatever authority or permission Brown had to drive the truck was pursuant to an arrangement between him and Wooten.

Nesbitt knew Brown and saw him driving the truck during the week preceding June 18, 1966. With reference to a conversation between Brown and Nesbitt, the record shows that, during the cross-examination of Nesbitt, the following occurred:

"Q. Did he (Brown) report to you that he had been charged three days before the 18th with faulty brakes? OBJECTION BY MR. OLSCHNER (counsel for Nesbitt) AND MR. STRICKLAND (counsel for defendant Brown).

"COURT: Members of the jury, the objection of the defendant Brown is sustained, the objection of the defendant Nesbitt is overruled. Do not consider this evidence as against Brown. (To the witness:) Answer the question.

"Q. Did the defendant Brown tell you or did you find out that three days before the 18th he had been charged with faulty brakes of this same vehicle?

"A. Yes, he tell (sic) me.

"Q. He did tell you that?

"A. Yes sir.

"MR. OLSCHNER: I don't believe he has answered the question, your Honor.

"COURT: The question was, 'Did he tell you three or four days before he had been arrested for driving your truck with faulty brakes?'

"A. He did not."

The court submitted and the jury answered the following issues: "1. Was the property of the plaintiff damaged as a result of the negligence of the defendant, Robert Lee Brown, as alleged in the complaint? ANSWER: Yes. 2. Was the defendant, Robert Lee Brown, an agent of defendant, Walter Nesbitt, at the time of the alleged

damage? ANSWER: Yes. 3. What amount, if any, is plaintiff entitled to recover as a result of the damage sustained? ANSWER: 1200.00."

Judgment for plaintiff, in accordance with the verdict, was entered against both defendants. Nesbitt excepted and appealed. Brown did not appeal.

*Robert E. Lock for plaintiff appellee.*
*Joseph C. Olschner for defendant appellant Nesbitt.*

BOBBITT, J. Nesbitt excepted to and assigns as error the court's denial of his motion for judgment of nonsuit at the conclusion of all the evidence. This assignment presents, *inter alia,* whether the evidence *admitted* against Nesbitt was sufficient to support a finding that plaintiff's damage was proximately caused by the negligence of Brown, allegedly the agent of Nesbitt.

To establish Nesbitt's liability under the doctrine *respondeat superior,* plaintiff was required to prove, by evidence competent against Nesbitt, that Brown was negligent and that his negligence proximately caused plaintiff's damage. *Branch v. Dempsey,* 265 N.C. 733, 145 S.E. 2d 395; *Edwards v. Hamill,* 266 N.C. 304, 145 S.E. 2d 884.

The Patrolman's testimony that, when he tried the brakes after the truck had struck the building, "(t)he brake pedal was mashed all the way to the floor," is the only portion of plaintiff's evidence admitted against Nesbitt relating to the brakes on the truck. This admitted evidence, whether competent or incompetent, was for consideration in passing on Nesbitt's motion for nonsuit. *Kientz v. Carlton,* 245 N.C. 236, 246, 96 S.E. 2d 14, 21, and cases cited.

Nesbitt's testimony, quoted in our preliminary statement, as to what Brown had told him relating to Brown's arrest for driving with faulty brakes, is contradictory and unclear. However, contradictions and discrepancies in the evidence are to be resolved by the jury. 4 Strong, N. C. Index, Trial § 21.

When the evidence is considered in the light most favorable to plaintiff, the inference may be drawn that the conversation, in which Brown told Nesbitt that he (Brown) had been charged with driving the truck with faulty brakes, occurred three days before June 18, 1966. Too, it may be inferred from the condition of the brakes after the truck struck plaintiff's building, and from the fact the truck left the highway and struck plaintiff's building, notwithstanding there is no evidence the driver (Brown) was under any disability, that the damage to plaintiff's building was proximately caused by the faulty condition of the brakes on the truck.

Although a borderline case, the conclusion reached is that the evidence admitted against Nesbitt, when considered in the light most favorable to plaintiff, was sufficient to support a finding that plaintiff's damage was proximately caused by the negligence of Brown in operating the truck when he knew or should have known that the brakes thereon were faulty.

With reference to the second (agency) issue, the court, in earlier portions of the charge, stated that the burden was on plaintiff to satisfy the jury that Brown was the agent of Nesbitt at the time of the accident. However, the court's final instruction relating to the second issue was as follows: "So, when you come to the second issue, if the plaintiff has satisfied you by the greater weight of the evidence that at the time of the accident Brown was operating the vehicle in question with the knowledge, consent, and approval of the owner Nesbitt, then it would be your duty to answer it, 'Yes.' " Defendant excepted to and assigns as error this (quoted) portion of the charge.

By virtue of G.S. 20-71.1, Nesbitt's testimony that he was the registered owner of the truck made a *prima facie* case of agency sufficient to support, but not compel, a verdict against Nesbitt under the doctrine *respondeat superior* for damages proximately caused by the negligence of the operator thereof. *Lynn v. Clark,* 252 N.C. 289, 292, 113 S.E. 2d 427, 430, and cases cited.

To establish liability under the doctrine *respondeat superior,* plaintiff must allege and prove that the operator was the agent of the owner and that this relationship existed at the time and in respect of the very transaction out of which the injury arose. *Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644; *Whiteside v. McCarson,* 250 N.C. 673, 110 S.E. 2d 295; *Duckworth v. Metcalf,* 268 N.C. 340, 150 S.E. 2d 485. As to the necessity of such *pleading: Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767; *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765; *Osborne v. Gilreath,* 241 N.C. 685, 86 S.E. 2d 462. The court in substance charged the jury that Brown was operating the truck as agent of Nesbitt if he was operating it with the knowledge, consent and approval of Nesbitt. This instruction omitted entirely the essential element as to whether Brown was operating the truck as agent of Nesbitt and within the scope of such agency at the time and in respect of the very transaction under consideration.

The error must be considered prejudicial because under Nesbitt's testimony the truck had been delivered into the possession of Wooten, a prospective purchaser thereof; and, to the knowledge of Nesbitt, Brown had been driving the truck of Nesbitt under some arrangement between Brown and Wooten. The determinative question in-

volved in the second (agency) issue was whether at the time and on the occasion of plaintiff's damage Brown was operating the truck as agent of Wooten or as agent of Nesbitt.

We do not consider whether upon the evidence in the present record the court also erred by failing to give an instruction, related directly to the evidence, that it was the jury's duty to answer the agency issue, "No," if they found the facts to be as the evidence on behalf of Nesbitt tended to show. See *Whiteside v. McCarson, supra,* and *Torres v. Smith,* 269 N.C. 546, 153 S.E. 2d 129.

For error in the court's instruction relating to the second issue, and mindful of the dubious purport of certain of the evidence admitted against Nesbitt with reference to the first issue, this Court awards a new trial upon *all* issues arising on the pleadings as between plaintiff and Nesbitt.

New trial.