Ruffin, C. J.
 

 It is not in the power of this court to look into tfié affidavits, or, at least to act on them. One would . think this must be understood, upon a moment’s reflection on
 
 *403
 
 the nature of the jusisdiction of the court. In matters of common law, it is strictly a court of error and can • only review the matters of law. We therefore cannot go out of the record, or pay any regard to affidavits ; for the evidence forms no part of the record. A record is constituted of the pleadings, the acts of the parties in court, and the acts and doings of the jury and court thereon. If .advantage is sought of any extrinsic matter, which occurs at the trial or in the course of proceeding, it must be put into the record,
 
 as a fact,
 
 or be stated in an exception, and not left to be collected by this court upon evidence. This evidence is directed exclusively to the judge, who tried the cause; and his determination on it is conclusive. He ought not to state, therefore, the evidence submitted to him, but his judgment as to the fact itself, which the evidence was offered to establish. It is true, that, in an exception to an instruction to the jury, the evidence is set forth ; for that is necessary, that it may be seen that the' instruction was not upon an abstract question of law, but on one applicable to a state of facts, which might, upon evidence, be hypothetically
 
 assumed;
 
 and, then, the verdict, in accordance with the instruction, affirms the faets to be as supposed. In such a case, both the facts and the law are distinctly found in the record by the several proper persons. But on occasions like the present, the evidence is addressed to the judge, and he is to determine as well the matter of fact as of law. His decision in respect to the latter point only is subject to review.We can no more interfere with his decision upon the question of fact before him, than we can with the decision of the jury upon an issue. When, therefore, a motion is made to vacate', a verdict for certain alleged causes, the first thing tain, whether the alleged causes really exist;, facts be found, no question of law can arise; and,'' is confined to the consideration of the matter of ! can in such a case do nothing. For there is no I the record to impeach the verdict, which is appa^ lar; and, therefore, acting judicially, we must asl the application was unsupported in point of fact, though we
 
 *404
 
 might, in our private judgment, think that there was evidence’ before the judge, on which he might or ought to have found the facts, that the verdict was given according to the opinion major¡ty. of the jury, lor that the jury was tampered with, or might have been.
 

 We find ourselves constrained to make these extended observations, because the point may in some cases be of immense consequence, and it would seem, that our repeated attempts, hitherto to make ourselves intelligible, have not been as successful as we had hoped. Lord Hale, 2 P. C. 306, says, if a juror be guilty of misconduct, and this appears by examination, “ the judge,
 
 before whom the verdict is
 
 given, may
 
 record,
 
 the special matter/1 or,- as he says in the next page,
 
 “
 
 he may endorse it on the record or postea,” and thereupon the' verdict shall be set aside. In
 
 Miller's case,
 
 1 Dev. & Bat. 500, both of the judges, who delivered opinions, referred to' those passages, as containing the proper directions as to the mode of proceeding, and declared their opinion, that if the judge, who tried the cause, had caused the proofs to be annexed to the record, (as here) this court could not examine them, in order to determine the fact, but that it was absolutely necessary that it should be found in the record. In
 
 Ephraim's
 
 case, 2 Dev. &. Bat. 163, the same positions were repeated as explicitly as possible, and the court refused to consider the evidence. Since that time the facts have generally been stated by the judge, as in
 
 Lytle's case
 
 at the last term, 5 Ired. 58, and others ; and we express the hope, that hereafter, that course will be invariably adopted.
 

 The conclusion thus announced, though unavoidable, would be a source of sincere regret, if, in our opinion there was really any ground for the prisoner’s motion. But if we could look into the affidavits, we should be obliged to say, that they present no reason, either of fact or law, for disturbing the judgment.
 

 There is nothing to raise a suspicion, that the verdict was not the result of the conscientious and unanimous conviction of the jurors. One of them hesitated at first, as any man
 
 *405
 
 may upon so solemn a question ; but, upon consultation with his fellows, and deliberation, he united publicly and of his own accord in the verdict.
 

 So far from establishing improper conduct in the jury;' none' is even imputed to them, it is only said, that the jury was-left in such a situation by the constable, as to afford an opportunity for tampering with them. But that was only bare’ suspicion, and seems to- have been wholly unfounded. The' jury was kept constantly together, and, likewise, separate from other persons, by being locked up in the usual jury-room in the court house by the constable, who remained at the door except for short intervals, during which he was absent for the' purposes of the lawful accommodation of the jury,- and to carry to the judge a request from the jury. If any thing improper had occurred during those absences, the officer might have been punished. But his constant presence at the jury-room, was not requisite to the validity of the verdict, seeing that he kept the jury together the whole time, and took carethat' no one else had or could have access to them.
 

 The court perceives no error in the record; and the usual’ certificate must be sent to the Superior Court to that effect.
 

 Beb. Curiam, Ordered to be certified accordingly.-