On the argument, Mr. Winston assumed that the grandmother of the prisoner had one-fourth negro blood; from this he inferred that one of his great-grandparents had one-half negro blood, and one of his great-great-grandparents was full negro; and insisted, from this fact, that the prisoner was of mixed blood within the meaning of the statute, and, consequently, that negro testimony was competent on his trial.
The record does not present the question; it is not found as a fact that "the grandmother of the prisoner had one-fourth negro blood."
His Honor, in making a statement of the case, sets out all the evidence, and this conclusion, as a matter of law, that "upon this testimony the witness was competent." But he does not find or set out the fact or facts upon which this conclusion is based. In other words, he did not have his attention called to the difference between "the evidence" and the facts or facts established by the evidence. So the case comes up in such a condition that this Court cannot revise his decision as to the law, because we do not know upon what state of facts he formed his opinion. It is the province of the jury to pass on the issues joined by the pleadings; but when a collateral question arises, as in this instance, it is the province of the judge to decide the questions of fact as well as of law, and the record should state the facts found by the judge, as well as his *Page 187 
conclusion as to the law arising on that state of facts, so as to put it in the power of this Court to review his opinion as to the law. S. v.Goodwin, 27 N.C. 401. It may be, when the evidence is clear, and there is no conflict, so that, if the case was for the jury, the judge would be at liberty to charge, "if you believe the witnesses, you will find for the plaintiff, "it would be sufficient for the judge merely to set out the evidence. But when, as in this instance, the testimony is not clear, and the witnesses on behalf of the State can only give matter of opinion and conjecture, which is unsatisfactory even to the witnesses (299) themselves, and there is conflicting testimony offered on the part of the prisoner, it is necessary for the judge to state his conclusions as to the facts.
For the sake of illustration: a special verdict, instead of finding thefacts, merely sets out the evidence, which is unsatisfactory and conflicting. The judge cannot decide the law, for there is no question of law presented; and if he does undertake to do it, this Court cannot review his decision, for it cannot be known upon what state of facts he based his opinion. Such is our case. The question is, Must the prisoner be prejudiced, and lose his right to have the opinion of the judge reviewed by this Court, or should there be a venire de novo?
The general rule is, judgment must be affirmed unless error appears; and it is the misfortune of the appellant if by reason of an omission in making up the statement of the case the point on which he relies is not presented. We are satisfied, however, that this case does not fall under the general rule. There is a defect, not in the statement of the case, but in the record proper, in this, that it does not show the facts on which the court decided the law. The illustration drawn from the special verdict makes the matter and the distinction very clear. Suppose a special verdict sets out the evidence, and does not find any fact, and the court gives judgment: clearly there is error in the face of the record, and the judgment would be arrested, for there is "no verdict" or finding of the facts by the jury.
In our case there is the same error; the judge does not find the facts.
As the matter relates to a collateral issue, touching the competency of a witness, its effect is to entitle the prisoner to a
PER CURIAM. Venire de novo. (300)
NOTE: — In the transcript of the record in this cause, as well in the record proper and in the case stated by the judge, the word "defendant" was used instead of "prisoner." The court order the clerk to strike out the first mentioned word wherever it occurred, and insert "prisoner." The same order was made as to the transcript of the record in other capital cases, where the like mistake had been made, and the clerk corrected the record accordingly. Vide S. v. Ellick, post, 457; S. v. Summey, post, 499; Gaitherv. Ferebee, post, 310. *Page 188 
 Cited: Gaither v. Ferebee, post 310; S. v. Ellick, post, 457; S. v.Summey, post, 499; S. v. Secrest, 80 N.C. 456; S. v. Jones, 87 N.C. 556;S. v. Crumpler, 88 N.C. 649; Branton v. O'Brient, 93 N.C. 104;Smith v. Kron, 96 N.C. 397; Leak v. Covington, 99 N.C. 564.