S. H. LOWE v. J. M. DORSETT and JOHN MORGAN, Adminis-
istrators of John Arnold.

(Decided November 28, 1899.)

*Evidence—Comparison of Handwriting—Recording Verdict.*

1. Irrelevant questions, which do not tend to prove or disprove the
issue before the jury, are properly excluded.
2. The alleged signature to a note can be compared with any gen-
uine writing of the maker, and the similarity pointed out by
expert or opinion witnesses for the consideration of the jury,
but the comparison can go no further; otherwise it might lead
to endless inquiry.
3. The jury, after being recharged by the Court, returned with the
issue, as to the genuineness of the signature, answered, "No."
Upon being polled, at request of the plaintiff, one of the jury
said: "I suppose I may say No." The Clerk read the issue
and answer to the jury, and asked if they agreed that said
answer might be recorded as their verdict, to which all
responded in the affirmative. The verdict was properly
received and recorded.

CIVIL ACTION upon a promissory note, tried before *Shaw,*
*J.,* at Spring Term, 1899, of the Superior Court of RAN-
DOLPH County. A single issue was submitted to the jury.

Did the defendant intestate execute the note set out in the
complaint?

To which the jury made answer: "No."

There was judgment in favor of defendants, from which
the plaintiff appealed.

The exceptions to the evidence and the reception and record-
ing the verdict, taken and noted for the plaintiff, sufficiently
appear in the opinion.

*Mr. J. A. Barringer,* for appellant.

*Messrs. J. T. Morehead* and *B. F. Long,* for appellee.

Faircloth, C. J.   This action was instituted against the defendant administrator of John Arnold on the following instrument:   "Twelve months after date I promise to pay to S. H. Lowe the sum of six hundred dollars.   This January 11, 1896.   (Signed) John Arnold."

Plea, *non est factum*.   On the trial several witnesses were examined as to the genuineness of the signature of John Arnold.   It was admitted that the body of the instrument was in the plaintiff's handwriting.   A witness was introduced by the defendant, not as an expert, to disprove the genuineness of the signature.   Upon cross-examination the plaintiff put this question, "Look at the word (meaning letter) O in the word promise in the body of the note, and O in the word Arnold in the signature, and tell the jury the difference."   An objection was sustained, the witness not having been qualified as an expert.   Exception.

The plaintiff then proposed this question, "State if the o's in this signature are not straighter than the o's made ordinarily in writing."   Objection sustained, and exception taken.

Neither of these exceptions can be sustained.   It is not necessary in this case to enter into the learning on the subject of "expert evidence" and "opinion evidence," and the reason for the admission of either, in contravention of the rule that a witness must depose to facts and not express his opinion about the matter.   They are exceptions to the general rule.   Their evidence is *competent* under certain established rules, but its *weight* is for the jury, and its effect will be guarded by such rules, and the common sense of the jury.   An interesting opinion on this subject will be found in *State v. Clark,* 34 N. C., 151.

In the present case, the questions excluded were irrelevant, as they did not tend to prove or disprove the issue before the jury.   It being admitted that the plaintiff wrote the body

of the note, suppose the witness, without objection, had answered "yes," that would go to show that the plaintiff wrote the alleged signature, a result not intended or desired by the plaintiff. Again, suppose the witness had answered "no," that would tend only to show that the plaintiff did not write the signature, but it would no more show that John Arnold wrote it than John Smith or any other person wrote it. So, in either event, the question and answer could not aid the jury on the issue before them. The alleged signature without doubt could be compared with any genuine writing of John Arnold, and the similarity pointed out by expert or opinion witnesses, subject finally to the finding of the jury, but the comparison can go no further, for otherwise it might lead to an endless inquiry.

Another exception is to the recordation of the verdict. The issue was: "Did the defendant's intestate execute the note set out in the complaint?" which was finally answered "No." After two or three days' conference, the jury reported to the court that they could not agree. The disagreeing juror stated that, as the issue was drawn, "his mind was divided on it." His Honor again instructed the jury that, if they were satisfied by a preponderance of evidence that John Arnold signed the note, they should answer "yes," otherwise "no," and that if they could not be satisfied either way, they should answer the question "no," as the burden was on the plaintiff. The jury retired and soon returned with the issue answered, "no." The plaintiff caused the jury to be polled, when the said doubting juror said, "I suppose I may say 'no.'" The issue and answer were read to the jury by the clerk, and the jury asked if they had agreed that said answer to the issue might be recorded as their verdict, to which all, including the said single juror, responded in the affirmative. Plaintiff excepted. This exception is over-

ruled.    The same exception was heard and overruled in *State v. Godwin*, 27 N. C., 401, and *State v. Sheets*, 89 N. C., 543.

We have carefully read the other exceptions, and they are overruled.    We see nothing in them prejudicial to the rights of the plaintiff.

Affirmed.