ROBERT TRANTHAM v. THE ELK FURNITURE COMPANY.

(Filed 30 November, 1927.)

**Verdict—Polling Jury—Conflict—Entry—Appeal and Error.**

> Where the jury has unanimously answered and returned their verdict to an issue in a civil action, and upon being polled three of them answer differently and explain by saying the answer first given was the one they had at first entertained before agreeing with the others, and again being polled the verdict is unanimously in accord with the answer of the issue handed in: *Held*, there is nothing to indicate that the verdict so entered was reached by outside influence or that its sacredness had been violated, and its entry as the verdict in the case is not erroneous.

CIVIL ACTION, before *Harding, J.,* at July Term, 1927, of DAVIDSON.

Plaintiff instituted an action against the defendant for damages for personal injury sustained by reason of what plaintiff alleged was a defective machine.

The defendant, among other defenses, pleaded that a full settlement had been made with the plaintiff and a release taken in discharge of its liability. Thereupon the plaintiff alleged that the release was secured by means of fraud.

Issues arising upon the pleadings were submitted to the jury. The first issue is as follows: "Was the release set out in the answer of the defendant procured by fraud as alleged in the reply of the plaintiff?" The jury answered this issue, "No," and did not answer any other issue. From the judgment rendered plaintiff appealed.

*Walser & Walser and Phillips & Bower for plaintiff.*
*McCrary & DeLapp for defendant.*

TRANTHAM *v.* FURNITURE CO.

BROGDEN, J. The only point presented in the case is based upon the following facts: "The jury then came into the court, and through its foreman, handed the presiding judge the issues. The first issue, answered 'No.' The other issues are not answered. Whereupon, stated the court, 'You answer the first issue "No," all of you say that?' And the jury said, 'Yes.' Counsel for the plaintiff then moved the court to have the jury polled; whereupon the presiding judge requested the jury to stand, and said to the jury: 'As many of you as now favor to answer the issue "Yes" will say "Yes," and those who favor answering it "No" will say "No." ' In the calling of the roll nine jurors answered 'No' and three answered 'Yes.' The court stated to the jury that it did not understand why they should bring in a verdict with the issue answered 'No' when three were answering when their names were called they desired to answer it 'Yes.' Thereupon of those answering 'Yes' when called, two explained that they meant how they stood in the vote before they had reached a final answer to the issue as signed, and not as to how they stood at the particular moment, that is the moment of the calling of the roll of the jury. Whereupon the presiding judge instructed the clerk to again call the roll of the jury and instructed the jury that those in favor of answering the issue at this time, at the time of the calling of the roll, would answer when their names were called; those who desired to answer 'No' to the issue would say 'No,' and those desiring to say 'Yes' would say 'Yes.' Whereupon the clerk called the roll and twelve jurors answered to their names and said 'No.' Whereupon the court ordered the clerk to record the verdict of the jury as polled."

The verdict of a jury is sacred. It should represent the concurring judgment, reason and intelligence of the entire jury, free from outside influence from any source whatever. The trial judges have no right to coerce verdicts or in any manner, either directly or indirectly, intimidate a jury. But there is nothing in this record which, in our judgment, casts the slightest cloud or suspicion upon this verdict. The jury returned a signed verdict into court. A poll was taken, and upon roll call it developed that three of the jurors had originally been in favor of answering the issue "Yes," but after a full discussion in the jury-room these same jurors had agreed to answer it "No," and such unanimous finding was duly reported to the court. The poll was taken in open court and entirely free from the slightest intimation by the trial judge.

The case of *S. v. Godwin,* 27 N. C., 401, is directly in point. In that case the jury brought in a verdict of guilty of murder and were polled at the request of the prisoner. "Eleven of them, each for himself, answered simply that he found the prisoner guilty. The remaining juror answered that when the jury first went out he was not for finding the

prisoner guilty, but that a majority of the jury was against him, and that he then agreed to the verdict as delivered by the foreman. He was further asked, 'What is your verdict now?' and he replied, 'I find the prisoner guilty.'" The opinion of the court states: "There is nothing to raise a suspicion that the verdict was not the result of the conscientious and unanimous conviction of the jurors. One of them hesitated at first, as any man may upon so solemn a question; but, upon consultation with his fellows, and deliberation, he united publicly and of his own accord in the verdict." In like manner in the case at bar the three jurors, after the original verdict had been rendered, still united publicly and of their own accord in the verdict. *Lowe v. Dorsett,* 125 N. C., 301.

No error.