RANDALL SHEPPARD AND W. H. ANDERSON v. W. H. ANDREWS AND WIFE, NELLIE B. ANDREWS

No. 7018SC33

(Filed 1 April 1970)

**1. Vendor and Purchaser § 1— option contracts — construction**

> Options, being unilateral in nature and imposing no obligation to buy, are to be construed strictly in favor of the optionee.

**2. Vendor and Purchaser § 2— duration of option contract — performance of conditions imposed by the contract**

It is generally held that time is of the essence in an option agreement, and conditions imposed in the agreement must be strictly performed in order to convert the optionee's right to buy into a contract for sale.

**3. Husband and Wife § 3— agency of husband for wife**

No presumption that the husband is acting as agent for the wife arises from the mere fact of the marital relationship.

**4. Husband and Wife § 5; Vendor and Purchaser § 2— action for breach of option contract by husband and wife — nonsuit as to wife — failure to show tender of payment to wife**

In this action against defendants, husband and wife, for breach of an option contract to convey land, the trial court properly allowed motion for nonsuit as to the femme defendant, where plaintiff's evidence failed to show any tender of payment made to the femme defendant within the time required by the option, and no evidence was offered from which the jury could have found that the husband-defendant was his wife's agent for the purpose of receiving tender of payment or waiving timely tender of payment on her behalf.

**5. Trial § 45— unanimity of verdict — comment by juror — acceptance of verdict**

In this action for breach of an option contract, the trial court did not err in accepting the jury's verdict which answered issues of tender of payment and waiver of tender against plaintiffs after one juror, upon poll of the jury, answered that he agreed with the verdict "with the understanding that tender means money not offer," where the record shows that upon further questioning the juror expressed unequivocal agreement with the verdict.

**6. Frauds, Statute of § 2— contract to sell or convey land — sufficiency of description of the land**

A contract to sell or convey land, or a memorandum thereof, within the meaning of the statute of frauds, G.S. 22-2, must contain a description of the land which is the subject matter of the contract which is either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the contract refers.

**7. Vendor and Purchaser § 3; Boundaries § 10— option contract — description of land — sufficiency of extrinsic evidence**

In this action for breach of an option contract to convey land, defendants' plea in bar that the option agreement did not comply with the statute of frauds should have been allowed at the close of plaintiffs' evidence, where the option described the tract as "4 acres of land fronting on Clover Leaf of Mt. Hope Church and NC-85 Highway and Kivett Road," the parties stipulated that defendants owned 40.77 acres, of which the 4 acres referred to in the option were a part, but plaintiffs' evidence failed specifically to identify and locate the 4-acre tract intended to be covered by the option.

APPEAL by plaintiffs from *Olive, J.,* 16 June 1969 Session of GUIL-FORD Superior Court.

This is a civil action in which plaintiffs seek damages for breach of an option contract to convey land. Plaintiffs alleged that on 5 May 1966 defendants signed a written agreement by which, in consideration of $200.00, defendants contracted to sell and convey to plaintiffs "all of that certain tract or parcel of land lying and being in Jefferson Township, Guilford County, North Carolina described as follows:

"4 acres of land fronting on Clover Leaf of Mt. Hope Church and NC-85 and Kivett Road. This is exclusive of N.C. Highway right-of-way."

This written agreement specified the price and terms, provided that the sale was to be made at the option of plaintiffs on or before 8 August 1966 and that if the plaintiffs should not demand deed and tender payment on or before 8 August 1966, the agreement was to become null and void. Plaintiffs alleged timely demand for deed and tender of payment, refusal by defendants, and that on 9 August 1966 defendants had conveyed "almost the identical property" to third parties. Plaintiffs asked for damages in the amount of the difference between the alleged fair market value of the property on 8 August 1966 and the price specified in the option contract.

Defendants admitted execution of the option agreement but denied plaintiffs' allegations as to timely tender of payment. In a further answer defendants pleaded as a defense that the option agreement did not comply with the statute of frauds, G.S. 22-2.

By written stipulation dated and filed on 16 June 1969 the parties agreed that at all times between 1 May 1966 and 8 August 1966, inclusive, defendants were the owners in fee simple of a tract of land containing 40.77 acres more or less, located in Jefferson Township, Guilford County, North Carolina, described with particularity in a certain recorded deed dated 19 November 1946, copy of which was attached to the stipulation, and that the tract of land described as "4 acres of land fronting on Clover Leaf of Mt. Hope Church and NC-85 Highway and Kivett Road" in the option agreement is a portion of said 40.77-acre tract.

At the trial defendants' motion for judgment on the pleadings was overruled. Plaintiffs then offered in evidence a map showing the location of the 40.77-acre tract, which shows Interstate 85 and the ramp leading therefrom to Mt. Hope Church Road crossing the southern portion of the tract in a generally east-west direction, shows

Kivett Dairy Road intersecting into the north margin of the ramp at a point within and near the eastern boundary line of the tract, and shows that all of the 40.77-acre tract, except the small portion thereof covered by the highway right-of-way, lies north and west of the intersection formed by Kivett Dairy Road and the ramp. Plaintiffs also offered in evidence maps prepared from surveys which plaintiffs had caused to be made in late July and on 8 August 1966 in attempts to locate the 4-acre tract covered by the option. Plaintiffs also testified concerning certain payments, and tender of payment, made by them to the male defendant prior to 8 August 1966.

At the conclusion of plaintiffs' evidence, defendants' motion for nonsuit was allowed as to the feme defendant but overruled as to the male defendant. The male defendant then offered evidence in contradiction of plaintiffs' evidence relative to timely tender of payment. At the conclusion of all the evidence, the male defendant again moved for nonsuit. His motion was again denied, and the case was submitted to the jury, which answered issues of tender and waiver of tender against the plaintiffs. Upon poll of the jury, one of the jurors answered that he agreed with the verdict "with the understanding that tender means money not offer." The trial judge then explained to the juror that he could not accept the verdict with any conditions. After further discussion, the juror responded that he had agreed upon the verdict and had answered both issues "no" and that he still assented thereto.

From judgment of nonsuit as to the defendant Nellie B. Andrews and from judgment on the verdict that plaintiffs recover nothing from the defendant W. H. Andrews, plaintiffs appealed.

*Jordan, Wright, Nichols, Caffrey & Hill, by Luke Wright and Edward L. Murrelle for plaintiff appellants.*

*Holt, McNairy & Harris, by R. Kennedy Harris and R. Walton McNairy, Jr., and McLendon, Brim, Brooks, Pierce & Daniels, by W. Erwin Fuller, Jr., for defendant appellees.*

PARKER, J.

[1-4] Appellants assign as error the allowance of the motion for nonsuit as to the feme defendant. In this we find no error. Options, being unilateral in nature and imposing upon the optionee no obligation to buy, are to be construed strictly in favor of the optionor. Accordingly, it is generally held that time is of the essence in such agreements, and conditions imposed therein must be strictly per-

formed in order to convert the optionee's right to buy into a contract for sale. *Ferguson v. Phillips*, 268 N.C. 353, 150 S.E. 2d 518. The option agreement in the case before us expressly provided that it was to become void if plaintiffs failed to tender payment within the time specified. Plaintiffs' evidence fails to show any tender of payment made to the feme defendant within the time required by the option. No presumption that the husband is acting as agent for the wife arises from the mere fact of the marital relationship, *Norburn v. Mackie*, 262 N.C. 16, 136 S.E. 2d 279, and no evidence was offered in this case from which the jury might find that the husband-defendant was his wife's agent for the purpose of receiving tender of payment or waiving timely tender of payment on her behalf. Therefore, the motion for nonsuit was properly allowed as to the feme defendant for the reason that plaintiffs' evidence would not support a jury finding of timely tender of payment or of waiver of tender insofar as she was concerned.

[5]   Appellants urge error in the trial court's action in accepting the verdict and entering the judgment pursuant thereto that plaintiffs take nothing of the male defendant. In this regard appellants contend that the verdict was not unanimous because of the statement made by one of the jurors when the jury was polled. The record indicates, however, that upon further questioning the juror expressed unequivocal agreement with the verdict, and we find no error in the court's action in accepting the verdict. *Trantham v. Furniture Co.*, 194 N.C. 615, 140 S.E. 300; *State v. Godwin*, 27 N.C. 401.

[6, 7]   Even if the jury had not found in defendant's favor upon the issues of tender and waiver of tender, in our opinion the plea in bar should have been sustained at the close of plaintiffs' evidence and the action dismissed because plaintiffs' evidence failed to identify the 4-acre tract which was the subject matter of the option. A contract to sell or convey land, or a memorandum thereof, within the meaning of the statute of frauds, G.S. 22-2, must contain a description of the land which is the subject matter of the contract which is either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the contract refers. *Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269; *Searcy v. Logan*, 226 N.C. 562, 39 S.E. 2d 593; *Timber Co. v. Yarborough*, 179 N.C. 335, 102 S.E. 630. While the description employed in plaintiffs' option was sufficient to permit introduction of extrinsic evidence to identify and locate the 4-acre tract intended to be covered thereby, plaintiffs' proof failed to accomplish that purpose. The parties stipulated the defendants owned 40.77 acres, of which the 4 acres referred to in the option

were a part. There was no evidence that any particular 4-acre tract ever existed separate and apart from the larger tract. There is an infinite variety of ways in which 4 acres can be carved out of the larger tract so as to front on "Clover Leaf of Mt. Hope Church and NC-85 and Kivett Road."

No error.

CAMPBELL and HEDRICK, JJ., concur.