CHARLIE C. NOLAN, SR., Plaintiff v. GEORGIA BOULWARE and EMMITT RUSSELL MOXLEY, Original Defendants v. LUMBERMENS MUTUAL CASUALTY COMPANY, Third Party Defendant;

— AND —

ELIZA McLAURIN NOLAN, Plaintiff v. GEORGIA BOULWARE and EMMITT RUSSELL MOXLEY, Original Defendants v. LUMBERMENS MUTUAL CASUALTY COMPANY, Third Party Defendant

No. 7322DC437

(Filed 1 May 1974)

1. **Automobiles § 103— agency of driver for owner — sufficiency of complaint**

    A complaint alleging that the negligent acts and omissions of defendant driver were "imputed to" defendant owner was sufficient to support submission to the jury of an issue as to whether the driver was acting as agent of the owner.

2. **Automobiles § 105— agency of driver for owner — sufficiency of evidence**

    The evidence was sufficient to support a jury finding that defendant driver was operating a car as the agent of defendant owner for the purpose of having repairs made to the car where the owner admitted she was the owner of the car at the time of the collision, the owner testified that the driver was her boyfriend and that early on the morning of the accident she had left her car and keys with him at an unopened service station where she had arranged to have some repair work done on her car, and the service station proprietor testified that he had allowed the driver and others to use his lot for working on automobiles on their own, that on the day prior to the accident the owner and the driver had come to the station together and the proprietor told the owner he would check her car if she would bring it by, and that on the day of the accident the driver had twice driven the car by the station but had not left it there.

3. **Automobiles § 106— agency of driver for owner — refusal to give peremptory instruction**

    The trial court properly refused to give a peremptory instruction in favor of defendant owner on the issue of the agency of defendant driver for the owner.

4. **Insurance § 69; Trial § 11— uninsured motorist coverage — defending in name of motorist or company — explanation of company's position in case**

    Where defendant insurance company, a third party defendant which issued a policy to plaintiffs providing protection against uninsured motorists, stated in its answers that it elected to defend cases arising out of an automobile collision in the name of defendant uninsured driver pursuant to G.S. 20-279.21(b)(3)a, but counsel for the insurance company announced at a pretrial conference that he would defend in the name of the insurance company, it was proper for

the insurance company's counsel during his jury argument to explain the position of his client in the cases, and counsel's statements did not have the effect of calling the jury's attention to possible liability insurance coverage for the defendant owner.

5. **Trial § 45— acceptance of verdict after hesitation expressed by juror**

The trial court did not err in accepting the verdict after one juror expressed some hesitation about the verdict on one issue during a poll of the jury where the juror's final statement clearly signified his assent to the verdict as rendered and nothing suggests that he was unduly influenced either by his fellow jurors or by the court.

APPEAL by defendant, Georgia Boulware, from *Hughes, District Judge,* 16 January 1973 Session of District Court held in DAVIDSON County.

These civil actions arise from a two-car collision which occurred on 6 May 1970. Charlie C. Nolan, Sr., was the owner and his wife, Eliza McLaurin Nolan, was the driver of one of the cars. Georgia Boulware was the owner and Emmitt Russell Moxley was the driver of the other car. In one action Charlie C. Nolan, Sr. seeks recovery for damages to his automobile and in the other his wife seeks recovery for her personal injuries. The two cases were consolidated for trial and all questions presented on this appeal are common to both.

Plaintiffs brought their actions initially against the original defendants only, alleging in their complaints that defendant Moxley operated defendant Boulware's automobile in a negligent manner in certain specified respects. The complaints contained no allegations as to family purpose, master and servant, or agency. In paragraphs 7 of the complaints, plaintiffs alleged that the negligent acts and omissions of the defendant Moxley, "which is (sic) imputed to the defendant Boulware," were the sole proximate cause of the damage and injuries sustained by the plaintiffs. Defendant Boulware answered and admitted ownership of her car, but alleged that "someone, without her knowledge, consent or permission, unlawfully took the automobile and wrecked it at some place and time unknown to her." She denied paragraphs 7 of the complaints and denied knowledge or information sufficient to form a belief as to the remaining material allegations of the complaints.

Summons was personally served on defendant Moxley, but he failed to answer or otherwise plead in apt time. These facts being shown by affidavit, on 17 August 1971, default was entered against him. Thereafter on plaintiffs' motions, Lumber-

Nolan v. Boulware

mens Mutual Casualty Company (Casualty Co.) was made a third party defendant and plaintiffs filed third party complaints in which they alleged that the Casualty Co. had issued to plaintiffs a policy of automobile liability insurance which included protection against an uninsured motorist. Plaintiffs prayed for judgment against the Casualty Co. for all sums which they might be adjudged entitled to recover against the original defendants. On 29 October 1971, Casualty Co. filed answers, in which it stated that "pursuant to G.S. 20-279.21, (it was) electing to defend in the name of the defendant Emmitt Russell Moxley." In these answers it was admitted that defendant Moxley had operated defendant Boulware's automobile and that a collision had occurred between said automobile and plaintiffs' car, but all allegations in the complaints as to negligence on the part of defendant Moxley were denied. In answer to paragraphs 7 of the complaints, Casualty Co. "admitted that the defendant Moxley was operating the automobile of defendant Boulware as the agent and servant of the defendant Boulware," but denied all remaining allegations of paragraphs 7. Casualty Co. also alleged that plaintiffs had failed to serve it with a copy of the suit papers as provided in G.S. 20-279.21 prior to causing default to be entered against defendant Moxley, and prayed that the entry of default be set aside and that plaintiffs recover nothing of defendant Moxley. At a pretrial conference, the plaintiffs voluntarily vacated the entry of default which had been entered against the defendant Moxley, and all parties stipulated that the accident occurred through the negligence of defendant Moxley and that his negligence was the sole proximate cause of the property damages and the personal injuries sustained by the plaintiffs.

The cases were submitted to the jury on issues of damages and agency. The jury answered all issues in favor of the plaintiffs. From judgment that each plaintiff recover of the original defendants amounts in accord with the verdict, defendant Boulware appealed.

*Klass & Beeker by Ned A. Beeker for plaintiff appellees.*

*Walser, Brinkley, Walser & McGirt by Charles H. McGirt and G. Thompson Miller for defendant appellant Georgia Boulware.*

*Hudson, Petree, Stockton, Stockton & Robinson by James H. Kelly, Jr. for additional defendant appellee Lumbermens Mutual Casualty Company.*

---

Nolan v. Boulware

---

PARKER, Judge.

[1]    Appellant Boulware ·first assigns as error the denial of her motion for a directed verdict on the issue of agency, contending that submission of such an issue was supported neither by allegation nor proof. Considering first the sufficiency of the allegation, it is clear that under our former practice when a plaintiff sought to hold a defendant liable for the negligence of another, it was necessary to allege in the complaint facts sufficient to make respondeat superior apply, else upon demurrer the complaint was held fatally defective. *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765. Now, however, since the effective date of our new Rules of Civil Procedure, such a complaint need contain in this regard only a "short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief." G.S. 1A-1, Rule 8(a)(1). The complaints now before us do contain allegations as to the negligent acts and omissions of the defendant Moxley which plaintiffs contend were the sole proximate cause of their injuries and refer to these negligent acts and omissions as being "imputed to the defendant Boulware." The word "imputed" has been defined as follows:

> "As used in legal phrases, this word means attributed vicariously; that is, an act, fact, or quality is said to be 'imputed' to a person when it is ascribed or charged to him, not because he is personally cognizant of it or responsible for it, but because another person is, over whom he has control or for whose acts or knowledge he is responsible." Black's Law Dictionary, 4th Ed.

We hold that the complaints were sufficient to give defendant Boulware fair notice that plaintiffs intended to prove facts to establish that Boulware was legally responsible for the negligent acts of her codefendant Moxley. If for purposes of preparing her defense she wished to know more specifically exactly what facts plaintiffs intended to rely upon to accomplish that objective, other tools, such as discovery proceedings under Rule 26 or perhaps a motion for more definite statement under Rule 12(e), were at her disposal. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161. The new rules, of course, do not prevent a prudent pleader from serving a bit more meat with the bare bones than

Nolan v. Boulware

was done in the present cases. To have done so would have made the dish a bit more palatable to those of us who had become accustomed to the fact pleading of our former practice. We hold only that it was not essential that this be done in order to support submission of the agency issue to the jury.

[2]  We also find the evidence sufficient to withstand defendant Boulware's motion for a directed verdict on the agency issue. Defendant Boulware admitted she was the owner of the car driven by Moxley at the time of the collision, thereby making the statutory rule of evidence created by G.S. 20-71.1(a) applicable. Although she testified that she had never given Moxley permission to drive her car and that at the time of the collision he was not on any trip or errand for her, she admitted that Moxley was her boyfriend and that early on the morning of the accident she had left her car and keys with him at an unopened service station where she had arranged to have some repair work done upon the car. The proprietor of the service station testified that Moxley had never worked for him, but that he had allowed Moxley and others to use his lot for purposes of working on automobiles on their own, that he had seen Moxley drive Boulware's car several times before, that on the day prior to the accident Moxley and Boulware had come to his station together and asked him about checking her car, that he had told her that if she would bring her car by, he would check it out and find what the trouble was, and that on the day of the accident Moxley had twice driven the car by the station but had not left it there. On this evidence the jury could find that at the time of the accident, Moxley was driving the Boulware automobile as her agent for the purpose of having repairs made to the automobile. Defendant Boulware's motion for a directed verdict on the agency issue was properly denied.

[3]  What we have said above also disposes of appellant Boulware's second assignment of error, which was directed to the refusal of the court to give a peremptory instruction in her favor on the agency issue. Cases cited by appellant, such as *Belmany v. Overton*, 270 N.C. 400, 154 S.E. 2d 538, and *Passmore v. Smith*, 266 N.C. 717, 147 S.E. 2d 238, are not here applicable. In those cases the plaintiff relied solely on G.S. 20-71.1 to take the issue of agency to the jury and the only positive evidence on the issue of agency was that offered by the defendant which tended to show that the driver was on a purely personal mission at the time of the collision. In such a

case the defendant is entitled to a peremptory instruction, related directly to the particular facts shown by defendant's positive evidence, to answer the issue of agency in the negative if the jury should find the facts to be as defendant's positive evidence tended to show. In the present cases plaintiffs were not forced to rely solely upon G.S. 20-71.1 to take the issue of agency to the jury. The positive evidence was conflicting and was sufficient to support a finding of the issue in the affirmative. Under these circumstances, the peremptory instruction was properly denied. The court did correctly instruct the jury that if they found that at the time of the collision Moxley "was making the trip solely for his own personal purposes, and not on a mission or errand of any kind for the defendant Mrs. Boulware," it would be their duty to answer the issue in the negative. This was as strong an instruction on this question as appellant Boulware was entitled to receive.

[4] Appellant contends she suffered prejudicial error when the court permitted counsel for the third party defendant, Lumbermens Mutual Casualty Co., during the course of his argument to the jury, to explain the position of his client in these cases. In its answer the Casualty Co. stated it was "electing to defend in the name of the defendant Emmitt Russell Moxley," and defendant Boulware contends that the Casualty Co. should have been bound by this election. G.S. 20-279.21 (b) (3) a, however, merely provides that an insurer situated as was the Casualty Co. in these cases "may defend the suit in the name of the uninsured motorist or in its own name," and we find nothing in the statute which requires that its decision as to which name it will defend in, once made, must be irrevocable. In the present cases counsel for the Casualty Co. announced in a pretrial conference his decision to defend in the name of the Casualty Co., and having done so it was proper for him to explain to the jury the position of his client in these cases. We do not interpret his statements to the jury, as appellant seeks to do, as having any reference or calling the jury's attention to any possible liability insurance coverage for appellant Boulware. Appellant's objections to the jury argument made by counsel for the Casualty Co. were properly overruled.

Appellant has attempted to assign as error portions of the court's instructions to the jury. The exceptions to the charge on which this assignment of error is based appear either at the end of a paragraph in the instructions or, in some instances, in

the middle of a paragraph, without indicating clearly what portions of the charge are excepted to; nor does the assignment of error itself set out clearly the portions of the instructions excepted to and assigned as error. These are at best broadside exceptions, *Yandle v. Yandle*, 17 N.C. App. 294, 193 S.E. 2d 768. We have, nevertheless, reviewed the charge as a whole and find it free from prejudicial error.

[5]   After the verdict was returned, counsel for appellant requested that the jury be polled as to the third issue. Eleven jurors responded that their answer was "Yes" and that they still assented thereto. One juror responded as follows:

"ASSISTANT CLERK: Your foreman has returned a verdict of 'yes' to the third issue. Is this your verdict?

JUROR: No. (After a pause) It was my verdict.

ASSISTANT CLERK: Did you understand the question?

JUROR: Yes.

THE COURT: What was the answer, sir?

JUROR: This was my verdict, as was rendered.

THE COURT: O.K.

ASSISTANT CLERK: Is this your verdict?

JUROR: Yes, ma'am.

ASSISTANT CLERK: Do you still assent thereto?

JUROR (after a pause) : May I ask a question?

THE COURT: No, just answer the question.

JUROR: (There is a pause and no answer.)

THE COURT: Do you understand the question?

JUROR: Yes, sir, I understand the question. I'm sorry, I don't mean to—I misunderstand some aspects of this case. I will have to admit that, and I'm sorry, I'm not very sure, I rendered a verdict. I said 'yes,' and I guess I will stand before it.

THE COURT: Would you repeat the question again, please.

ASSISTANT CLERK: Your foreman has returned a verdict of 'yes' to the third issue. Is this your verdict?

JUROR: Yes, ma'am.

ASSISTANT CLERK: Do you still assent thereto?

JUROR: Yes, ma'am."

While expressing some hestitation, the juror clearly and unequivocally stated that his verdict on the third issue was "Yes" and that he still assented thereto. Nothing suggests that he was unduly influenced either by his fellow jurors or by the court, and he was not prevented from making a statement as to his verdict. His final statement clearly signified his assent to the verdict as rendered, and we find no error in the court's action in accepting the verdict. *Trantham v. Furniture Co.*, 194 N.C. 615, 140 S.E. 300; *Lowe v. Dorsett*, 125 N.C. 301, 34 S.E. 442; *State v. Godwin*, 27 N.C. 401; *Sheppard v. Andrews*, 7 N.C. App. 517, 173 S.E. 2d 67. The case cited by appellant, *In re Sugg*, 194 N.C. 638, 140 S.E. 604, is distinguishable; in that case the Supreme Court affirmed an order of the trial judge setting aside a verdict and ordering a new trial as a matter of law after the trial judge found facts from which it was apparent that one juror did not assent to the verdict as accepted by the clerk. Nothing in this present record suggests that the verdict rendered was not assented to by all twelve jurors.

No error.

Judges BRITT and MORRIS concur.