State v. Gaten

STATE OF NORTH CAROLINA v. ROBERT LOUIS GATEN

No. 7526SC542

(Filed 7 January 1976)

1. Criminal Law § 126— initial uncertainty of juror — acceptance of verdict as unanimous — no error

The trial court did not err in accepting the verdict of guilty in each of two cases as unanimous, though one juror initially indicated some uncertainty, since that juror clearly and unequivocally stated that the verdict of guilty as charged as returned in each case was his verdict and that he still assented to it.

2. Criminal Law § 60— fingerprint on moon pie — impressing at time of crime — admissibility of evidence

In a prosecution for armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in allowing testimony of a fingerprint expert that a latent print found on a moon pie which was on the counter in the store whose employee was robbed was identical with defendant's known left thumbprint, since there was substantial evidence of circumstances from which the jury could find that defendant's thumbprint found at the scene of the crime was impressed at the time the crimes were committed.

APPEAL by defendant from *Thornburg, Judge.* Judgments entered 17 February 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 October 1975.

Defendant was indicted for (1) armed robbery and (2) assault with a deadly weapon with intent to kill inflicting serious injury. He pled not guilty.

The State presented evidence to show that at about 5:55 in the afternoon of 16 June 1974 defendant entered a Little General Store in Charlotte, brought a small 10¢ cake to the counter, said "wait a minute," went back to the cake rack, got another cake, returned to the counter, and as the attendant was ringing up the purchase on the cash register, pointed a revolver at the attendant and demanded he "open the box." When the attendant opened the cash register, defendant grabbed the cash box and took approximately $100.00 from it. Defendant asked, "Where's the rest of it?" When the attendant told him that was all, defendant demanded he open the safe. The attendant replied that he didn't have a key to the safe and couldn't open it. Defendant then started out the door, turned around, and shot the attendant in the stomach, inflicting a

wound which required that the attendant be operated upon and that he remain in the hospital for eleven days. The attendant made a positive in-court identification of the defendant as the person who came into the store, robbed him, and shot him. A latent fingerprint found on a moon pie, which was on a counter in the store, was developed and was identified as defendant's left thumbprint.

Defendant did not present evidence. The jury returned verdicts finding defendant guilty as charged in both cases. From judgments imposing prison sentences, defendant appealed.

*Attorney General Edmisten by Associate Attorney Archie W. Anders for the State.*

*DeLaney, Millette & DeArmon by Ernest S. DeLaney III for defendant appellant.*

PARKER, Judge.

[1]   The defendant first contends that the court erred by accepting a verdict which was not unanimous. In this connection the record shows that while the jury was being polled the following exchange took place between the court and one of the jurors, a Mr. Polk:

"THE COURT: Mr. Polk, in the cases of *State v. Robert Louis Gaten,* your foreman has returned as your verdicts in these cases that you find the defendant guilty as charged of robbery with a firearm and guilty as charged of assault with a deadly weapon with intent to kill inflicting serious injuries. Were these your verdicts?

MR. POLK: Yes, sir, if he's the man, that's my verdict, but . . .

THE COURT: Are these your verdicts?

MR. POLK: Well, to tell the truth, I just went along with the rest of them.

THE COURT: Well, you haven't answered my question, so I'll ask that all jurors return to the jury room and continue your deliberations.

MR. POLK: Well, I tell you, it won't my decision until I see he's proved guilty, I mean, guilty, I feel it was proved guilty. That's my decision but . . .

State v. Gaten

THE COURT: Is that your decision now?

MR. POLK: Yes sir.

THE COURT: Was it your decision back there?

MR. POLK: Yes, sir.

THE COURT: Do you still agree to that decision?

MR. POLK: I did.

THE COURT: Well, do you still agree to it?

MR. POLK: Yes, sir.

THE COURT: All right. Let me ask you one more time. In the cases of *State v. Robert Louis Gaten,* your foreman has returned as your verdicts in these cases that you find the defendant guilty, Robert Louis Gaten, guilty as charged of robbery with a firearm and guilty as charged of assault with a deadly weapon with intent to kill inflicting serious injuries. Now, I ask you again, were these your verdicts?

MR. POLK: Yes, sir.

THE COURT: Are they now your verdicts?

MR. POLK: Yes, sir.

THE COURT: And do you still agree to those verdicts?

MR. POLK: Yes, sir.

THE COURT: All right. You may have a seat."

After the polling of individual jurors was completed, the court once again put the questions, addressing all members of the jury collectively, as to whether their verdict was that they found defendant guilty as charged in the armed robbery case and in the case in which defendant was charged with felonious assault with a deadly weapon with intent to kill inflicting serious injury. In each case the jury answered affirmatively.

The court did not err in accepting the verdict in each case as unanimous. The juror Polk, after indicating some initial uncertainty, clearly and unequivocally stated that the verdict of guilty as charged as returned in each case was his verdict and that he still assented to it. A similar situation was before the North Carolina Supreme Court in *State v. Godwin,* 27 N.C. 401 (1845). In that case, a juror upon being polled first stated

"that when the jury first went out he was not for finding the prisoner guilty, but that a majority of the jury was against him, and that he then agreed to the verdict as delivered in by the foreman," and when asked " 'What is your verdict now?' ", he replied " 'I find the prisoner guilty.' " *State v. Godwin, supra,* at p. 401. The court found the verdict to be unanimous, despite the initial hesitation of the juror. In *State v. Sheets,* 89 N.C. 543 (1883), the Court held that when a juror upon being polled initially answered " 'Well, I suppose I must go with the rest,' " but upon further questioning answered " 'guilty,' " there were no grounds for refusing to receive the verdict, as the "last answer of the juror was an assent to the verdict of guilty." Id. at pp. 547, 550. *See also, Sheppard v. Andrews,* 7 N.C. App. 517, 173 S.E. 2d 67 (1970) ; *Nolan v. Boulware,* 21 N.C. App. 347, 204 S.E. 2d 701 (1974). Nothing in this present record indicates that the verdict rendered in each case was not a unanimous one.

[2] The only other assignment of error brought forward on this appeal relates to the admission in evidence over defendant's objections of testimony of the finger print expert that a latent print found on a moon pie which was on the counter in the store was identical with defendant's known left thumbprint. In this connection defendant contends that, since the store was a public place, the mere fact that his print was found somewhere in the store would have no probative value; and that there was insufficient evidence to show that defendant, on the occasion when the crimes were committed, touched or handled the item on which the latent print was found. The record does not support defendant's contention. The store attendant, the victim of the robbery and assault, testified that "[t]he first time the man [referring to the defendant, whom he had previously identified as the robber] came to the counter he had a 10¢ cake in his hand. He had it in his left hand. He went back and got another cake and came to the counter again. He had it in his left hand again, holding it the same way (indicating between his thumb and his forefinger)." This same witness, while testifying concerning a photograph of the counter in the store taken by the police shortly after the robbery, testified that it showed "cakes or moon pies on the counter." The investigating officer who made the photograph testified he found "a couple of moon pies" on the counter, and that it was on one of these that he found the thumbprint which was later identified as defendant's. Thus, the record shows there was substantial evi-

Grissom v. Dept. of Revenue

dence of circumstances from which the jury could find that defendant's thumbprint found at the scene of the crime was impressed at the time the crimes were committed. Under all of the circumstances disclosed in this record, therefore, evidence concerning the thumbprint was clearly relevant to show defendant's presence at the time the offenses for which he was tried were committed. There was no error in admitting the challenged testimony.

In defendant's trial and in the judgments appealed from we find

No error.

Judges MORRIS and MARTIN concur.