Cranford v. Helms

MARION E. CRANFORD v. JOHNNIE CLIFFORD HELMS AND RONALD DEAN HELMS

No. 8115SC3

(Filed 4 August 1981)

**Limitation of Actions § 12.1; Rules of Civil Procedure § 15— voluntary dismissal— second complaint—no relation back—statute of limitations**

Plaintiff's original complaint filed within the statute of limitations alleging that defendant was driving an automobile involved in an accident and that defendant's negligence caused plaintiff's injuries, and an amendment thereto alternatively naming another person as either the owner or the driver of the automobile and alleging that whoever was driving, if not the owner, was doing so with "the knowledge, permission and consent of the owner," did not give defendant notice of the transactions or occurrences potentially giving rise to defendant's liability under plaintiff's second complaint alleging that defendant was the owner of the automobile driven by another person who was acting as defendant's agent; therefore, the second complaint did not relate back to the first complaint and was barred by the three-year statute of limitations where plaintiff took a voluntary dismissal of the first complaint and the second complaint was filed more than seven years after the accident. G.S. 1A-1, Rule 15(c).

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 13 August 1980, in Superior Court, ORANGE County. Heard in the Court of Appeals 2 June 1981.

In August 1975, plaintiff filed a suit against defendant Johnnie Clifford Helms alleging that, in August 1972, due to his negligence, defendant Helms' car collided with plaintiff's car causing her bodily injury. In April 1976, the defendant in that action moved for summary judgment alleging that he was not operating the vehicle at the time of the accident, that he was not present at the scene, and that he was not responsible for the operation of the vehicle. Plaintiff then moved to amend her complaint to add defendant Ronald Dean Helms as a party-defendant alleging that one or the other of the two defendants was operating the vehicle at the time of the accident. The motion to amend the complaint to add Ronald Dean Helms was denied; the denial was "based in part upon the finding that the Statute of Limitations would bar a new cause of action against Ronald Dean Helms and that nothing appears of record to indicate to the Court that the Statute of Limitations as to Ronald Dean Helms was tolled. . . . " The court did, however, allow plaintiff to amend her complaint in order to allege that either the defendant Johnnie Clifford Helms or Ronald

Dean Helms was operating the vehicle and that the operator of the vehicle was negligent. Further, the court allowed the addition of the following paragraph 6:

> 6. The motor vehicle which collided with the automobile which the Plaintiff was operating was owned by Johnnie Clifford Helms or Ronald Dean Helms and was registered with the North Carolina Department of Motor Vehicles in the name of Johnnie Clifford Helms or Ronald Dean Helms, and the driver of the automobile, if not the owner, was operating said automobile with the knowledge, permission and consent of the owner.

On 3 October 1978, the plaintiff filed a Notice of Voluntary Dismissal. Within a year, she filed a second complaint against both defendants, based on the same 1972 automobile accident. The second complaint alleged that defendant Johnnie Clifford Helms was the owner of the vehicle driven by defendant Ronald Dean Helms who was acting as Johnnie Helms' agent. Alternatively, the complaint alleged that the vehicle was maintained by Johnnie Helms as a family purpose vehicle and that the negligence of driver Helms should be imputed to owner Helms.

The defendants answered denying the material allegations of the complaint and affirmatively pleading the statute of limitations. Both defendants successfully moved for summary judgment in their favor. Plaintiff appealed.

*Newsom, Graham, Hedrick, Murray, Bryson and Kennon, by Lewis A. Cheek, for plaintiff appellant.*

*Lee A. Patterson, II, for defendant appellees.*

ARNOLD, Judge.

Having abandoned her appeal with regard to defendant Ronald Dean Helms, plaintiff assigns as error the entry of summary judgment in favor of defendant Johnnie Clifford Helms, hereinafter referred to as the defendant. This assignment of error presents for this Court the question of whether the three-year statute of limitations had expired at the commencement of plaintiff's action based on agency.

Plaintiff's second complaint, filed in September 1979, clearly alleged that she was proceeding against the defendant on the

theory that his agent's negligence was imputed to him. That complaint, however, was filed some seven years after the accident in question and, unless it is determined that it "relates back" to plaintiff's first amended complaint, it is barred by the three-year statute. G.S. 1A-1, Rule 15(c) provides:

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

Was the amendment to plaintiff's complaint in which plaintiff alleged that Ronald Dean Helms, "if not the owner, was operating said automobile with the knowledge, permission and consent of the owner," the defendant herein, sufficient to give the defendant notice of the occurrences giving rise to the agency issue alleged in the second complaint? If so, the second complaint "relates back" to the first complaint, and the defense of the statute of limitations is defeated. If not, the second complaint merely alleges an action which is barred by the three-year statute.

Under North Carolina law prior to the enactment of the Rules of Civil Procedure, complaints which failed to allege that the driver of the automobile was acting as agent of the owner of the automobile were held fatally deficient as to the owner. *Beasley v. Williams,* 260 N.C. 561, 133 S.E. 2d 227 (1963); *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765 (1954). This rule persisted notwithstanding G.S. 20-71.1 which allowed proof of ownership to be *prima facie* evidence that a motor vehicle was being used at the time of an accident with the authority and knowledge of the owner. *Parker v. Underwood, supra.*

In the case of *Nolan v. Boulware,* 21 N.C. App. 347, 204 S.E. 2d 701, *cert. denied,* 285 N.C. 590, 206 S.E. 2d 863 (1974), this Court noted the effect of the Rules of Civil Procedure on this strict rule requiring allegation of agency. Since a complaint need contain only a "short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved," G.S. 1A-1, Rule 8(a)(1), the court held that the complaints alleging that the negligent acts of one defendant

were "imputed to the defendant Boulware" were sufficient to give Boulware notice that plaintiffs intended to prove facts to establish Boulware's legal responsibility for the negligent acts of her co-defendant.

After reviewing recent case law as well as plaintiff's first complaint, as amended, against defendant, we conclude that the complaint fails to give defendant sufficient notice of the transactions or occurrences giving rise to the alleged liability. In the first complaint, plaintiff alleged that the defendant was driving the automobile and that it was defendant's negligence that caused the accident resulting in her injuries. As amended, that complaint alternatively named Ronald Dean Helms as either the owner or operator of the vehicle, and it alleged that, whoever was driving the car was doing so with "the knowledge, permission and consent of the owner," whichever one that was. There was no allegation that Ronald Dean Helms was acting as defendant's agent; nor any allegation that the negligent acts of Ronald Helms were imputed to his father, as was the case in *Boulware*. Moreover, there was no allegation that the automobile he was using was a family purpose vehicle. Proof that one owns a vehicle operated in a negligent manner and gives another permission to drive it, causing injury to a third party, is not sufficient to impose liability on the owner. *Beasley v. Williams, supra*. It follows that the mere allegation that one owns an automobile which was operated in a negligent manner is insufficient to give defendant notice of the transaction or occurrence for which he is supposedly liable.

The first complaint as amended falls far short even of the notice-pleading standard set forth in *Boulware, supra*. It did not put defendant on notice of the transactions or occurrences potentially giving rise to his liability. The second complaint, filed seven years after the accident in question, cannot, therefore, relate back to the first complaint. Since the second complaint was barred by the statute of limitations, summary judgment for the defendant was properly granted.

Affirmed.

Judges VAUGHN and BECTON concur.